UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Tory Hart, trustee for the heirs and next-of-kin of ▮▮▮▮▮▮▮▮▮▮▮▮, <br> Plaintiff(s), <br><br> v. <br><br> County of Dakota, Sherri Larson in her individual and official capacity, Beth Dehner in her individual and official capacity, and Jennifer Streefland in her individual and official capacity, <br><br> Defendants. | Court File No.: 22-cv-02035 <br> (____/____) <br><br><br> **NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1441 and 1446, County of Dakota, Beth Dehner in her individual and official capacity, and Jennifer Streefland in her individual and official capacity (collectively "**County**") hereby remove this action from the State of Minnesota, County of Dakota, to the United States District Court for the District of Minnesota. In support hereof, the County states and alleges as follows:

### REMOVAL IS TIMELY

1. The County removed this matter captioned in the First Judicial District, County of Dakota, State of Minnesota, *Tory Hart, trustee for the heirs and next-of-kin of* ▮▮▮▮▮▮▮▮▮▮▮▮, *v. County of Dakota, Sherri Larson in her individual and official capacity, Beth Dehner in her individual and official capacity, and Jennifer Streefland in her individual and official capacity* ("**State Court Action**").

2. As of the time of this removal, the County has not been served with process.

3. A true and accurate copy of the summons, complaint, and the correspondence conveying them and the County's answer to the complaint are attached hereto as <u>Exhibits 1</u>, <u>2</u>, <u>3</u>, and <u>4</u> respectively.

4. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because the County effectuated it within 30 days of being served with process.

**REMOVAL IS PROPER BASED ON FEDERAL QUESTION JURISDICTION**

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the United States Constitution and the laws of the United States. More specifically, Plaintiff alleges that the defendants violated his civil and constitutional rights and asserts a claim pursuant to 42 U.S.C. § 1983.

6. The County may remove this action to this Court pursuant to 28 U.S.C. §§ 1441, 1442, and 1443.

**REMOVAL IS ALSO PROPER BASED ON DIVERSITY JURISDICTION**

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between all parties, the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and removal does not violation the "forum defendant rule."

**Complete Diversity Exists**

8. For purposes of diversity jurisdiction, "[a] Minnesota wrongful death trustee's own state of citizenship controls .. ."[1]

9. Tory Hart, trustee for the heirs and next of kin of ▓▓▓▓, ("**Plaintiff**") has been appointed as wrongful-death trustee pursuant to Minnesota law to pursue a claim for wrongful death.[2]

10. Plaintiff is resident of the State of Wisconsin.[3]

11. Therefore, upon information and belief, Plaintiff is a citizen of the State of Wisconsin.

12. County of Dakota is a political subdivision of the State of Minnesota and is therefore a citizen of Minnesota.

13. For purpose of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled.[4] "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."[5]

14. Beth Dehner is a resident of Hennepin County, Minnesota and does not have—and Plaintiff does not allege that she has—any intention of leaving

---

[1] *Steinlage v. Mayo Clinic Rochester*, 435 F.3d 913, 914(8th Cir. 2006).

[2] (Complaint at ¶ 3).

[3] (Complaint at ¶ 2).

[4] *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

[5] *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

Minnesota.[6] Therefore, upon information and belief, Beth Dehner is a citizen of the State of Minnesota.

15. Jennifer Streefland is a resident of Scott County, Minnesota and does not have—and Plaintiff does not allege that she has—any intention of leaving Minnesota.[7] Therefore, upon information and belief, Jennifer Streefland is a citizen of the State of Minnesota.

16. Upon information and belief, Sherri Larson is a resident of Hennepin County, Minnesota and does not have—and Plaintiff does not allege that she has—any intention of leaving Minnesota.[8] Therefore, upon information and belief, Sherri Larson is a citizen of the State of Minnesota.

17. Complete diversity exists because Plaintiff is a citizen of Wisconsin and the defendants are citizens of Minnesota. None of the defendants are citizens of the same state as Plaintiff.

**The Amount in Controversy Exceeds $75,000.00**

18. "In the Eighth Circuit, district courts rely on the plaintiff's perspective in determining the amount in controversy."[9]

---

[6] (Complaint at ¶ 8).

[7] (Complaint at ¶ 9).

[8] (Complaint at ¶ 7).

[9] *Groeneweg v. Flint Hills Res., LP.*, No. CIV. 08-4815DWFFLN, 2008 WL 4951494, at *2 (D. Minn. Nov. 18, 2008).

19. Plaintiff alleges he sustained the following damages at the hands of the defendants:

> … permanent and substantial pecuniary loss, the deprivation of advice, counsel, comfort, support and companionship of ▇, his services, and the deprivation or such pecuniary benefits in the future as would have been occasioned by the continued life of ▇, and have incurred expenses of his funeral and burial all to their damages in an amount in excess of $50,000.00.[10]

20. Plaintiff's complaint alleges the maximum amount Plaintiff could plead by state law for unliquidated damages.[11]

21. Pursuant to 208 U.S.C. § 1446(c)(2)(A)(i), this notice asserts the amount in controversy because Minnesota prat ices does not permit demand for a specific sum and permits recover of damages in excess of the amount demanded.

22. Based upon a preponderance of the evidence, the amount in controversy exceeds $75,000.00.

23. ▇ was five-years old at the time of his death.

24. Given that Plaintiff's claim is related to the alleged wrongful death of a five-year old child, it appears to a legal certainty that Plaintiff's claim will exceed $75,000.00.

25. The County may remove this action to this Court pursuant to 28 U.S.C. §§ 1441, 1442, and 1443.

---

[10] (Complaint at ¶ 115).

[11] Minn. R. Civ. P. 8.01 (2022).

**Removal Does Not Violate the Forum Defendant Rule**

26.Pursuant to 28 U.S.C. § 1441(b), "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction … may not be removed if any of the parties in interest <u>properly joined and served as defendants</u> is a citizen of the State in which such action is brought."[12]  This is generally referred to as the "forum defendant rule."

27.At the time of this removal, none of the defendants have been properly joined and served as defendants.  The County has not been served and joined because Plaintiff requested that the County waive service and as of the date of this removal, the County had not waived service.  The County has been in contact with the attorney for Sherri Larson and upon information and belief, Sherri Larson has not been served with process.

28.The County effectuated a "snap removal" so the County's removal does not violate the "forum defendant rule."

## THE COUNTY COMPLIED WITH THE REMOVAL PROCEDURES

29.As required by 28 U.S.C. § 1446(a), the County attached the process, pleadings, and orders provided to it relating to the State Court action as Exhibit 1 to this notice.

30.As required by 28 U.S.C. § 1446(d), a copy of this notice will be served upon Plaintiff and filed with the Clerk of the First Judicial District Court in Dakota County.

---

[12] 28 U.S.C. § 1441(b)(2) (emphasis added).

31. By removing this action from the State of Minnesota, County of Dakota, the County does not waive any defenses available to it.

32. By removing this action from the State of Minnesota, County of Dakota, the County does not admit any of the allegations contained in Plaintiff's complaint.

33. Sherri Larson does not object to this removal.

**WHEREFORE**, the County removes this action from the State of Minnesota, County of Dakota, to the United States District Court for the District of Minnesota.

Dated: August 18, 2022

**KATHRYN M. KEENA**
**DAKOTA COUNTY ATTORNEY**

By: /s/William M. Topka
    William M. Topka (#0339003)
Assistant County Attorney
1560 Highway 55
Hastings, Minnesota 55033
(651) 438-4438
william.topka@co.dakota.mn.us

*Attorneys for County of Dakota, Beth Dehner, and Jennifer Streefland*