Filed in District Court
State of Minnesota
8/18/2022 9:46 AM

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF DAKOTA | FIRST JUDICIAL DISTRICT |
| | Case Type: Wrongful Death |

| Tory Hart, trustee for the heirs and next-of-kin of ▮▮▮▮▮▮▮▮▮▮▮▮ | Court File No.: _____ |
|---|---|
| Plaintiff, | |
| v. | **ANSWER** |
| County of Dakota, Sherri Larson in her individual and official capacity, Beth Dehner in her individual and official capacity, and Jennifer Streefland in her individual and official capacity | |
| Defendants. | |

**COMES NOW**, County of Dakota, Beth Dehner in her individual and official capacity, and Jennifer Streefland in her individual and official capacity (collectively "**the County**"), and for their answer to the complaint, a copy of which is attached hereto as <u>Exhibit 1</u>, state as follows:

1. Except as otherwise admitted or qualified herein, denies the allegations and holds Plaintiff to his strictest burden of proof thereof.

2. Admits paragraph 2, 6, and 8.

3. Does not have sufficient knowledge or information to admit or deny paragraphs 1, 4, 7, 14, 42, 60, 61, 62, 64, 71, 72, 73, 75, 77, 78, 85, 92, 105, 106, and 107. To the extent that a response is required, the County denies the allegations and holds Plaintiff to its strictest burden of proof thereof.

4. The documents referenced or mentioned in paragraphs 3, 15, 16, 17, 18, 19, 20, 21, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 63, 65, 66, 67, 68, 69, 70, 74, 76, 79, 80, 81, 82, 83, 84, 86, 87, 88, 89, 90, 91, 93, 94, 95, 96, 97, 98, 99, 100, 102, 103, and 108 speak for themselves and therefore, no response is required. To the extent that the paragraph is inconsistent with the documents referenced, make conclusions, or contain allegations against the County, the County denies the allegations and holds Plaintiff to his strictest proof thereof.

5. Paragraphs 12, 109, 116, 117, 119, 121, 123, 125, and 145 do not contain allegations against the County and therefore, no response is required. To the extent that a response is required, the County denies the allegations and holds Plaintiff to its strictest burden of proof thereof.

6. Paragraphs 5, 10, 11, 13, 126, 127, and 132 contain legal conclusions to which no response is required. To the extent that a response is required, the County denies the allegations and holds Plaintiff to his strictest proof thereof.

**AFFIRMATIVE DEFENSES**

As and for its affirmative defenses, the County states and alleges as follows:

1. Plaintiff's claims may by barred by lack of standing.

2. Plaintiff's claims may be barred by the applicable statute of limitations.

3. Plaintiff's claims may be barred by its failure to state a claim upon which relief can be granted.

4. Plaintiff's claims may be barred for a failure of consideration, release, accord and satisfaction, assignment of claim, compromise and settlement, to satisfy conditions precedent, and for other common law affirmative defenses.

5. Plaintiff's claims may be barred to the extent of overstatement of the Plaintiff's claims.

6. Plaintiff's claims may be barred, in whole or in part, by the doctrine of waiver, estoppel, laches, ratification, justification, election of remedies, failure of conditions precedent, payment, release and unclean hands.

7. Plaintiff's claims may be barred by various immunity doctrines.

8. Plaintiff's claims may be barred, in whole or in part, by any or all of the affirmative defenses contemplated by the Minnesota and Federal Rules of Civil Procedure. The County cannot determine the extent to which Plaintiff's claims may be so barred until the County has an opportunity to complete discovery and therefore, the County incorporates all such affirmative defenses as if set forth in full herein.

**WHEREFORE**, The County demands judgment against Plaintiff as follows:

1. Pray that the Complaint be dismissed with prejudice;

2. Awarding the County its costs and disbursements and attorneys' fees as may be allowed by contract or law; and

3. For any such other relief as the Court deems just and equitable.

Dated: August 18, 2022  **KATHRYN M. KEENA**
**DAKOTA COUNTY ATTORNEY**

By: /s/William M. Topka
   William M. Topka (#0339003)
Assistant County Attorney
1560 Highway 55
Hastings, Minnesota 55033
(651) 438-4438
william.topka@co.dakota.mn.us

*Attorneys for County of Dakota, Beth Dehner, and Jennifer Streefland*

## ACKNOWLEDGMENT

   The party above-named represented by the undersigned, hereby acknowledges that sanctions may be imposed pursuant to Minn. Stat. § 549.211.

/s/ William M. Topka
William M. Topka