UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Tory Hart, trustee for the heirs and next-of-kin of ███████████, <br> Plaintiff(s), <br><br> v. <br><br> County of Dakota, Sherri Larson in her individual and official capacity, Beth Dehner in her individual and official capacity, and Jennifer Streefland in her individual and official capacity, <br><br> Defendants. | Court File No.: 22-cv-02035 <br> (MJD/JFD) <br><br><br> **MEMORANDUM OF LAW IN SUPPORT OF THE COUNTY'S MOTION TO AMEND THE CAPTION AND TO SEAL DOCS 4 AND 4-1** |

## INTRODUCTION

This motion arises out of Tory Hart's, trustee for the heirs and next-of-kin of E.H. ("**Plaintiff**") complaint against, among others, County of Dakota, Beth Dehner in her individual and official capacity, and Jennifer Streefland in her individual and official capacity (collectively "**the County**"). E.H., was a minor and the Federal Rules of Civil Procedure prohibit the use a minor's full name in filings and instead, require the use of his initials. Plaintiff's complaint, however, is replete with references to E.H.'s full name. This motion requests the Court to correct that issue.

First, the County requests that the Court amend the caption. The caption includes E.H.'s full name. Because the County is not at liberty to change the caption, the County has—so far—redacted E.H.'s name from the caption. But

continuing this practice in subsequent filings is impractical so the County requests that the Court amend the caption to reference E.H.'s initials, not his full name.

Second, the County requests that the Court seal Docs 4 and 4-1, which are copies of the complaint and its attachments that the County attached to its removal documents. The complaint and its 41 attachments are replete with references to E.H.'s full name and three of the exhibits attached to the complaint (the first three pages of exhibit 6 and the entirety of exhibits 13 and 27) contain confidential information protected by Minnesota law. Because redaction was impractical, the County filed Docs 4 and 4-1 under temporary seal and hereby request that the Court order them sealed.

## **ARGUMENT**

### I. THE COURT SHOULD AMEND THE CAPTION TO EXCLUDE REFERENCE TO E.H.'S FULL NAME AND REPLACE IT WITH HIS INITIALS

Federal Rule of Civil procedure 5.2 prohibits the use of a minor's full name, and instead requires initials. E.H. is a minor but the complaint's caption utilizes E.H.'s full name, not his initials. Federal Rules of Civil Procedure 7(a) and 10(a) require the County to use the same caption that Plaintiff used so the County is not at liberty to change it. To date, the County has redacted E.H.'s full name from the caption, but continuing this practice throughout the course of the case is impractical. Thus, the County requests that the Court amend the caption to

designate Plaintiff as follows: "Tory Hart, trustee for the heirs and next-of-kin of E.H., a minor."

## II. THE COURT SHOULD SEAL THE COMPLAINT AND ITS ATTACHMENTS

Local Rule 5.6 governs filing documents under seal in civil cases. In indicates that a party may file a document under temporary seal if redacting the entire document is impractical[1] or the document or information "is otherwise entitled to protection from disclosure under a statute, rule, order, or other legal authority." Here, redacting the complaint and its attachments is impractical. As discussed in the section above, because E.H., was a minor, the parties cannot use E.H.'s full name and instead, must only refer to his initials. The complaint, however, is replete with references to E.H.'s full name. The County counts no less than 313 instances in the complaint alone. This does not include the references in the 41 exhibits attached to the complaint, which the County guesses would bring to total number to nearly 1,000. Redacting this many instances is simply impractical and therefore, the County requests that the Court seal the documents.

Additionally, the first three pages of exhibit 6 and the entirety of exhibits 13 and 27 to the complaint are "entitled to protection from disclosure under a statute, rule, order, or other legal authority" and should be sealed as such. It appears as if

---

[1] Local Rule 5.6(d)(1)(A)(ii).

most of the exhibits attached to the complaint are documents filed in a juvenile protection matter in the State of Minnesota, evidenced by the court file number 19HA-JV-21-53 at the top of most attachments. "JV" stands for the "juvenile" case type in state courts in Minnesota.

Minnesota Chapter 260C governs the dissemination of records in juvenile cases in the State of Minnesota. In indicates that "… records … are accessible to the public as authorized by the Minnesota Rules of Juvenile Protection Procedure."[2] The Minnesota Rules of Juvenile Protection Procedure indicate that records in juvenile protection cases are public except for "medical [and] psychological evaluation and records"[3] and "notices of change of foster care placement."[4]

Here, the first three pages of Exhibit 6 to the complaint are medical or psychological records. Those three pages reference a "therapist" visit and the results of that visit. A record of a visit with a therapist is either a medical or psychological record and is thus confidential under the Minnesota Rules of Juvenile Protection Procedure.

---

[2] Minn. Stat. § 260C.171, subds. 2(a), 5.

[3] Minn. R. Juv. P. 8.04, subd. 2(f).

[4] Minn. R. Juv. P. 8.04, subd.

Exhibit 13 is a psychological record. It is titled "psychological evaluation" and as such, is clearly a psychological record that is confidential under the Minnesota Rules of Juvenile Protection Procedure.

Exhibit 27 is a change of placement location that constitutes a "notice of change of foster care placement" and is therefore confidential under the Minnesota Rules of Juvenile Protection Procedure.

## **CONCLUSION**

For the reasons set forth above, the Court should grant the County's motion and amend the caption to reference only E.H.'s initials and to seal Docs. 4 and 4-1.

Dated: August 19, 2022   **KATHRYN M. KEENA**
**DAKOTA COUNTY ATTORNEY**


By:/s/William M. Topka
    William M. Topka (#0339003)
Assistant County Attorney
1560 Highway 55
Hastings, Minnesota 55033
(651) 438-4438
william.topka@co.dakota.mn.us

*Attorneys for County of Dakota, Beth Dehner, and Jennifer Streefland*