# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Tory Hart, trustee for the heirs and next-of-kin of E.A.K.H., | Court File No.:  22-cv-02035 |
| Plaintiff, | (MJD/JFD) |
| v. | **SWORN DECLARATION OF WILLIAM M. TOPKA** |
| County of Dakota, Beth Dehner, and Jennifer Streefland, | |
| Defendants. | |

---

STATE OF MINNESOTA    )
                          ) SS.
COUNTY OF DAKOTA    )

William M. Topka hereby states and alleges as follows:

1.      I am an Assistant County Attorney for Dakota County.

2.      I submit this sworn declaration in support of Dakota County's, Beth Dehner's, and Jennifer Streefland's (collectively "**the County**") motion to enforce the partial settlement agreement and for judgment on the pleadings.

3.      Tory Hart, trustee for the heirs and next-of-kin of E.A.K.H., ("**Plaintiff**") commenced this lawsuit against the County in state court.

4.      Count V of Plaintiff's complaint is a claim under 42 U.S.C. § 1983 ("**§ 1983**") (count V) and Count IV is a purported claim under Minnesota's Reporting Maltreatment of Minors Act ("**RMMA**").

5.      When the County was served with complaint, I decided to remove the lawsuit to this Court and to move to dismiss the § 1983 and RMMA claims.

6.      I perfected removal to this Court and shortly thereafter, had a telephone conversation with Josh Tuchscherer, one of Plaintiff's attorneys representing him in this matter, regarding removal.  During that phone call, Mr. Tuchscherer and I discussed the County's basis for removing the case from state court to federal court:  federal question jurisdiction as a result of the § 1983 claim and diversity jurisdiction. Mr. Tuchscherer advised me that Plaintiff might voluntarily dismiss the § 1983 claim.

7.      All the while I was drafting the motion to dismiss the § 1983 and RMMA claims and Plaintiff voluntarily dismissed his claims against Sherri Larson.

8.      Sensing perhaps Plaintiff's willingness to dismiss some of his claims, and because I was close to finishing the motion to dismiss and needed to conduct a good-faith meet-and-confer with Plaintiff's counsel anyway, I decided to reach out to him to ask him whether Plaintiff would be willing to dismiss his § 1983 and RMMA claims.

9.      Attached hereto as <u>Exhibit 1</u> is a true and correct copy an e-mail I sent to Mr. Tuchscherer on September 20, 2022.

10.    Attached hereto as <u>Exhibit 2</u> is a true and correct copy an e-mail I sent to Mr. Tuchscherer on October 5, 2022.

11.    On October 14, 2022, I engaged in a telephone conference with Mr. Tuchscherer for the parties' Rule 26(f) conference.  In addition to discussing topics required by Rule 26(f), we also discussed the possibility of Plaintiff dismissing his § 1983 and RMMA claims.  Mr. Tuchscherer advised that he would consider the issue.

12.    Attached hereto as <u>Exhibit 3</u> is a true and correct copy an e-mail I sent to Mr. Tuchscherer on November 16, 2022.  To that e-mail I attached a stipulation and an order to dismiss Plaintiff's § 1983 and RMMA claims with prejudice.

13.    Attached hereto as <u>Exhibit 4</u> is a true and correct copy an e-mail I received from Mr. Tuchscherer on November 16, 2022.

14.    Attached hereto as <u>Exhibit 5</u> is a true and correct copy an e-mail exchange I had with Mr. Tuchscherer on November 16, 2022.

15.    Attached hereto as <u>Exhibit 6</u> is a true and correct copy of an e-mail I sent to Mr. Tuchscherer on December 12, 2022.

16.    Mr. Tuchscherer and I scheduled a call for December 16, 2022, at 2:00 p.m., to discuss the possibility of Plaintiff dismissing his § 1983 and RMMA claims.  At the time of the call, Mr. Tuchscherer said he had a conflict

and could not attend, so we rescheduled the call for January 3, 2023, at 10:00 am. There was a delay in scheduling because Mr. Tuchscherer was in Montana on what I understand to be a vacation.

17. On January 3, 2023, at 8:46 a.m., I received a communication from Mr. Tuchscherer's paralegal informing me that Mr. Tuchscherer was ill. Mr. Tuchscherer's paralegal and I agreed to reschedule the call for January 6, 2023, at 10:00 a.m.

18. On January 6, 2023, at 7:41 a.m., I received an e-mail from Mr. Tuchscherer advising me that he was still ill. We agreed to reschedule the call for January 11, 2023, at 10:00 a.m.

19. I spoke with Mr. Tuchscherer on the telephone on January 11, 2023, at approximately 10:00 a.m., to discuss the possibility of Plaintiff dismissing his § 1983 and RMMA claims. The call took 10-15 minutes. I remember the call vividly because Mr. Tuchscherer was in a car driving from the Twin Cities to North Dakota. It was snowing and I remember being concerned for his safety.

20. Mr. Tuchscherer advised me that Plaintiff would dismiss the § 1983 but not the RMMA claim. Mr. Tuchscherer explained that he wanted to engage in discovery on that claim first. He said that he would revisit the idea of dismissing it after discovery. I told Mr. Tuchscherer that I thought that this

was a reasonable compromise and if Plaintiff dismissed the § 1983 claim, the County would not file a motion to dismiss the RMMA claim. Mr. Tuchscherer agreed and told me to provide him with a stipulation for dismissal.

21.     Attached hereto as <u>Exhibit 7</u> is a true and correct copy an e-mail I sent to Mr. Tuchscherer on January 11, 2023. Attached to the e-mail was a stipulation to dismiss the § 1983 claim. It was the same stipulation I sent to Mr. Tuchscherer back on November 16, 2022, except that I removed the part dismissing the RMMA claim.

22.     On January 17, 2023, Mr. Tuchscherer called me to discuss a question he had regarding the County's document production. He did not object to the stipulation for dismissal I sent over on January 11, 2023.

23.     Attached hereto as <u>Exhibit 8</u> is a true and correct copy of an e-mail I sent Mr. Tuchscherer on January 17, 2023. I sent the e-mail to further clarify the question he had regarding the County's document production.

24.     Attached hereto as <u>Exhibit 9</u> is a true and correct copy of an e-mail I received from Mr. Tuchscherer on January 17, 2023.

25.     Attached hereto as <u>Exhibits 10 and 11</u> are a true and correct copies of e-mail exchanges I had with Mr. Tuchscherer on February 3, 2023, and February 14, 2023. I offer this evidence to show that Mr. Tuchscherer did not

object to the stipulation for dismissal I previously sent over on January 11, 2022. The discovery issue discussed therein is not presently before the Court.

26.     Attached hereto as <u>Exhibit 12</u> is a true and correct copy a letter that I sent to Mr. Tuchscherer dated February 22, 2023. I redacted the bulk of the letter because it discusses a discovery issue not presently before the Court. I left unredacted the portion dealing with the present issue.

27.     Attached hereto as <u>Exhibit 13</u> is a true and correct copy of a letter received from Josh Giesen dated February 22, 2023. I understand that Plaintiff retained Mr. Giesen to act as co-counsel. I redacted the bulk of the letter because it discusses a discovery issue not presently before the Court. I left unredacted the portion dealing with the present issue.

**I DECLARE UNDER THE PENALTY OF PERJURY THAT EVERYTHING I HAVE STATED IN THIS DOCUMENT IS TRUE AND CORRECT**

Dated: March 14, 2023                   /s/ William M. Topka
                                        William M. Topka