# OFFICE OF DAKOTA COUNTY ATTORNEY
## KATHRYN M. KEENA
### COUNTY ATTORNEY



| | |
|---|---|
| Dakota County Judicial Center | Telephone:  651-438-4438 (Main) |
| 1560 Highway 55 | Facsimile:   651-438-4479 (Civil/Protective Services) |
| Hastings, Minnesota 55033-2392 | Facsimile:   651-438-4500 (Criminal/Delinquency) |
| Email:  william.topka@co.dakota.mn.us | Facsimile:   651-438-4499 (Administration) |

February 22, 2023

Joshua Tuchscherer, Esq.                    **VIA E-MAIL ONLY**
Meshbesher & Spence                         jtuchscherer@meshbesher.com
1616 Park Avenue                            shammer@meshbesher.com
Minneapolis, MN 55404

John T. Giesen, Esq.                        **VIA E-MAIL ONLY**
Dunlap & Seeger, P.A.                       jtg@dunlaplaw.com
30 Third Street
Suite 400
Rochester, MN 55904

    **Re:**   ***Tory Hart v. County of Dakota, et al.***
           **Court File No.:**   22-CV-02035
           **Our File No.:**     LT-2022-00033

Dear Josh and John:

EXHIBIT 12

Joshua M. Tuchsherer, Esq.
John T. Giesen, Esq.
February 22, 2023
Page 2 of 13

---

Joshua M. Tuchsherer, Esq.
John T. Giesen, Esq.
February 22, 2023
Page 3 of 13

Joshua M. Tuchsherer, Esq.
John T. Giesen, Esq.
February 22, 2023
Page 4 of 13

- o <u>Deficiency</u>: Plaintiff needs to answer these contention interrogatories. The County does not understand how it is supposed to defend the matter when it does not even have a rudimentary understanding of not only the claims it faces, but the factual support for them. The County cannot glean that information from the complaint as it is too broad and vague. For example, the complaint vaguely references duties under and breaches of the Reporting of Maltreatment of Minors Act but the County has been unable to link those allegations to any particular section of the act. Similarly, many of the allegations confuse Minnesota Statutes Chapter 260C and 260E.

  By way of analogy, if this were a breach of contract case, the complaint alleges that the contract was breached, but does not identify the provision breached or the facts supporting Plaintiff's conclusion that the particular section was breached. The County needs this information.

  The interrogatories are not "premature." "Although courts often allow parties to wait until the end of discovery to answer contention interrogatories,… [d]efendants may discover the basis for … initial allegations at this stage of the litigation, even if it is not the full universe of facts that ultimately are offered in support of the allegation at trial."[9] This is all the County is seeking at this time. While the County is cognizant that discovery is in the early stages and Plaintiff does not know the exact manner in which he will present the case to the jury, the County only asks Plaintiff to identify the claims he is asserting now and provide the factual basis for them.

  Presumably, this information exists. Federal Rule of Civil Procedure 11 indicates that by presenting a pleading to the court, the party and their attorney represent, among other things, that "the claims … and other legal contentions are warranted by existing law …" and "the factual contentions have evidentiary support." The rule "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. … the standard is one of reasonableness … [and] is more stringent than … good faith … ."[10]

-------------------------------------------

Joshua M. Tuchsherer, Esq.
John T. Giesen, Esq.
February 22, 2023
Page 5 of 13

In accordance with Rule 11 then, when Plaintiff filed this lawsuit, he represented to the Court that he had identified legal claims that he believed the County violated and had factual support for those allegations. So, for example, when Plaintiff asserted that the County violated the Reporting of Maltreatment of Minors Act, he represented to the Court that he had a provision or provisions in mind that he believed the County violated and that he had factual support for those allegations. Plaintiff must now provide that information to the County in response to these interrogatories

Plaintiff cannot hide behind the fact that he intends to have his expert(s) opine on some of these issues. The reason is, again, Rule 11. In accordance with Rule 11, for example, when Plaintiff alleged that the County breached a duty for his negligence claim, Plaintiff represented to the court that he knew the standard of care and had factual support that the County breached that duty. If Plaintiff is now alleging that he needs to wait until his expert disclosures to disclose the standard of care and explain how that standard was violated, he has violated Rule 11. Plaintiff should have obtained this information before filing suit. It would be extremrely troubling if Plaintiff does not have this information now.

Plaintiff cannot hide behind the fact that the jury will ultimately determine damages. The County has a right to know what facts and evidence Plaintiff has regarding damages that he might submit to the jury. Courts have held "[c]ontention interrogatories that seek damage theory and methodology information almost invariably will comport with the requirements of Rules 26(b)(1) and 33(c) ..., seeking as they do, information about an inherent element of a claim."[11]

o   <u>Expectation</u>: Answer the interrogatories

Joshua M. Tuchsherer, Esq.
John T. Giesen, Esq.
February 22, 2023
Page 6 of 13

## C.      Specific interrogatories

- **Interrogatory 23**:  Identify every medical provider, clinic, or hospital from which Decedent sought, or from which Decedent obtained or received, medical treatment, mental or physical, during his lifetime.

  - Answer: Objection. Decedent's physical and/or mental condition is not in controversy and said information is not likely to lead to admissible evidence during the trial of this matter.

  - Deficiency: The objection is without merit.  A decedent's physical and mental conditions are always in controversy and are relevant in wrongful death actions because they contribute to the decedent's life expectancy.   Life expectancy is an issue relevant to damages.  CIVJIG 91.75, which sets forth the factors that the jury will consider in determining the monetary value of damages for claims based upon wrongful death, advises the jury that one thing they should consider is the decedent's "life expectancy at the time of his death."   The County understands that Decedent suffered from disabilities.  The County has the right to investigate how those disabilities might have affected his life expectancy.

  - Expectation: Answer the interrogatory.

- **Interrogatory 41**:  If you contend that Decedent's death was foreseeable, describe in detail, and not in summary fashion, the factual basis for your contention.

  - Answer: Same quantity objection as in interrogatory answer 35. Objection. Contention interrogatories are premature at this stage of litigation. Object to the extent the interrogatory incorrectly presupposes the particular mechanism of injury must be foreseeable. Subject to the objections, Defendants released Decedent to the custody of an individual they knew was psychotic and delusional and who maltreated Decedent, as set out in the Complaint. Defendants knew but were deliberately indifferent to the substantial, increased danger to Decedent's physical safety they created. Plaintiff will supplement this answer with applicable expert opinions by the time required by the Court's scheduling order. Plaintiff further identifies pursuant to Fed. R. Civ. P. 33(d) that the Exhibits to the Complaint show foreseeability of physical harm to Decedent. Discovery and investigation continue.

  - Deficiency: In addition to this being a contention interrogatory that Plaintiff must answer, this answer also improperly relies on Federal Rule of Civil

Joshua M. Tuchsherer, Esq.
John T. Giesen, Esq.
February 22, 2023
Page 7 of 13

_____

Joshua M. Tuchsherer, Esq.
John T. Giesen, Esq.
February 22, 2023
Page 8 of 13

Joshua M. Tuchsherer, Esq.
John T. Giesen, Esq.
February 22, 2023
Page 9 of 13

Joshua M. Tuchsherer, Esq.
John T. Giesen, Esq.
February 22, 2023
Page 10 of 13

_____

Joshua M. Tuchsherer, Esq.
John T. Giesen, Esq.
February 22, 2023
Page 11 of 13

Joshua M. Tuchsherer, Esq.
John T. Giesen, Esq.
February 22, 2023
Page 12 of 13

Joshua M. Tuchsherer, Esq.
John T. Giesen, Esq.
February 22, 2023
Page 13 of 13

### C.    Stipulation for dismissal of § 1983 Claim

The County did not conduct discovery on the claim under 42 U.S.C. § 1983 because you advised that Plaintiff was willing to dismiss it.  The County sent over a stipulation for dismissal on the count but has not heard back.  Please advise on the status.

Best regards,

*/s/ William M. Topka*

William M. Topka
Assistant Dakota County Attorney