# OFFICE OF DAKOTA COUNTY ATTORNEY
## KATHRYN M. KEENA
COUNTY ATTORNEY



Dakota County Judicial Center  
1560 Highway 55  
Hastings, Minnesota 55033-2392  
Email: william.topka@co.dakota.mn.us

Telephone: 651-438-4438 (Main)  
Facsimile: 651-438-4479 (Civil/Protective Services)  
Facsimile: 651-438-4500 (Criminal/Delinquency)  
Facsimile: 651-438-4499 (Administration)

February 22, 2023

Joshua Tuchscherer, Esq.  
Meshbesher & Spence  
1616 Park Avenue  
Minneapolis, MN 55404

**VIA E-MAIL ONLY**  
jtuchscherer@meshbesher.com  
shammer@meshbesher.com

John T. Giesen, Esq.  
Dunlap & Seeger, P.A.  
30 Third Street  
Suite 400  
Rochester, MN 55904

**VIA E-MAIL ONLY**  
jtg@dunlaplaw.com

Re: *Tory Hart v. County of Dakota, et al.*  
   Court File No.: 22-CV-02035  
   Our File No.: LT-2022-00033

Dear Josh and John:

The County received Tort Hart's, trustee for the heirs and next-of-kin of EAKH, ("**Plaintiff**") answer and response to Dakota County's, Beth Dehner's, and Jennifer Streefland's (collectively "**the County**") interrogatories and request for production of documents. The County believes they are deficient so please have this correspondence serve as the County's good-faith effort to resolve a discovery dispute pursuant to Local Rule 7.1(a).

The County respectfully requests that Plaintiff remedy the deficiencies noted herein no later than March 1, 2023. While I understand that this appears to be a relatively tight turn around, the County provided Plaintiff 106 days to answer and respond—the County served Plaintiff with its interrogatories and request for production of documents on November 1, 2022, but Plaintiff did not answer until February 15, 2023, 106 days after they were served—and when he finally did, he provided almost no substantive information. The County needs the information as quickly as possible so the County can further investigate its defenses during discovery.

EXHIBIT 9

Joshua M. Tuchsherer, Esq.
John T. Giesen, Esq.
February 22, 2023
Page 2 of 13

I.     **Plaintiff's answer to the County's interrogatories**

By the County's count, of the 48 interrogatories, Plaintiff failed to provide substantive answers to no less than 30. In truth, the only substantive information that Plaintiff provided was information that should have been included in Plaintiff's Rule 26 disclosures. The interrogatories that the County posed sought highly relevant information without which the County will be at a loss to mount a defense to the claims. Therefore, Plaintiff needs to substantively respond.

    A.     **The total number of interrogatories**

Your objection to the total number of interrogatories is without merit. The interrogatories totaled 48, not more than the 50 allowed as you complain. Rule 33 of the Federal Rules of Civil Procedure provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."[1] "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that interrogatory subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question."[2] "[I]f a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory, no matter how it is designated."[3]

Here, the Court allowed 50 written interrogatories, but the County only served 48. While some of them included subparts, those subparts were subsumed by and related to the primary question and were not a line of inquiry that was separate and distinct from the primary question, so they only count as one interrogatory.

    B.     **Specific Interrogatories**

- **Interrogatories 6, 7, 9, 11, 12, 13, 14, 15, 16, 17, 28, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, and 48**: The County grouped these interrogatories together because they all fall into the same category: they are contention interrogatories.

---

[1] Fed. R. Civ. P. 33(a)(1) (2023).

[2] *In re: Activated Carbon-Based Hunting Clothing Mktg. & Sales Pracs. Litig.*, No. 09-MD-2059 (RHK/JJK), 2009 WL 10659390, at *2 (D. Minn. Sept. 22, 2009)

[3] *Id.*

"Contention interrogatories" are those that ask a party to describe his contentions in a lawsuit. For example, "[t]hey may ask another party to indicate what it contends, to state all the facts on which it bases it contentions, or to explain how the law applies to the facts."[4] The Federal Rules of Civil Procedure "[e]nsure that parties can obtain mutual knowledge of all the relevant facts gathered by both parties."[5] District courts for the District of Minnesota have consistently held that "[c]ontention [i]nterrogatories facilitate the discovery process by narrowing and defining issues for [t]rial beyond what may be ascertained from the parties' pleadings."[6] Another court put it this way: "[t]rue contention interrogatories may be helpful in that they may narrow and define the issues for trial and enable the propounding party to determine the proof required to rebut the responding party's claim or defense."[7]

"[C]ourts have generally held that contention interrogatories are proper even where they probe a party's contentions as to how the law applies to the facts, explaining that such probing is perfectly permissible and does not invade the work product privilege merely because the party's counsel must disclose the reasoning applying the law to the facts."[8]

These interrogatories are contention interrogatories and fall into two main categories: liability and damages. Some interrogatories probe Plaintiff's contentions on liability, that is, ask Plaintiff to describe the claim and identify the factual basis for each element of his claim. Other interrogatories probe Plaintiff's contentions on damages, that is, ask Plaintiff to describe the nature and extent of the wrongful death damages that the heirs and next-of-kin are claiming.

- o Answer: Plaintiff essentially refused to answer these interrogatories on the grounds that they were: (1) premature; (2) would be provided by his expert in their opinions; and (3) damages would be "determined by the jury."

---

[4] *Shqeirat v. U.S. Airways Grp., Inc.*, No. CIV.07-1513 (ADM/AJB), 2008 WL 4232018, at *4 (D. Minn. Sept. 9, 2008)

[5] *Maki v. Allete, Inc.*, No. CV 02-4154 (ADM/RLE), 2005 WL 8164566, at *5 (D. Minn. July 5, 2005)

[6] *Id.*

[7] *Shqeirat*, 2008 WL 4232018, at *4.

[8] *Gilmore v. City of Minneapolis*, 2014 WL 4722488, *5 (D. Minn. Sept. 22, 2014).

Joshua M. Tuchsherer, Esq.
John T. Giesen, Esq.
February 22, 2023
Page 4 of 13

- o <u>Deficiency</u>: Plaintiff needs to answer these contention interrogatories. The County does not understand how it is supposed to defend the matter when it does not even have a rudimentary understanding of not only the claims it faces, but the factual support for them. The County cannot glean that information from the complaint as it is too broad and vague. For example, the complaint vaguely references duties under and breaches of the Reporting of Maltreatment of Minors Act but the County has been unable to link those allegations to any particular section of the act. Similarly, many of the allegations confuse Minnesota Statutes Chapter 260C and 260E.

  By way of analogy, if this were a breach of contract case, the complaint alleges that the contract was breached, but does not identify the provision breached or the facts supporting Plaintiff's conclusion that the particular section was breached. The County needs this information.

  The interrogatories are not "premature." "Although courts often allow parties to wait until the end of discovery to answer contention interrogatories,... [d]efendants may discover the basis for … initial allegations at this stage of the litigation, even if it is not the full universe of facts that ultimately are offered in support of the allegation at trial."[9] This is all the County is seeking at this time. While the County is cognizant that discovery is in the early stages and Plaintiff does not know the exact manner in which he will present the case to the jury, the County only asks Plaintiff to identify the claims he is asserting now and provide the factual basis for them.

  Presumably, this information exists. Federal Rule of Civil Procedure 11 indicates that by presenting a pleading to the court, the party and their attorney represent, among other things, that "the claims … and other legal contentions are warranted by existing law …" and "the factual contentions have evidentiary support." The rule "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. … the standard is one of reasonableness … [and] is more stringent than … good faith … ."[10]

---

[9] *United States v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 1453063, at *2 (D. Minn. Apr. 2, 2019), *aff'd sub nom. United States ex rel. Fesenmaier v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 3245003 (D. Minn. July 19, 2019)

[10] Fed. R. Civ. P. 11, 1983 Committee Comment.

Joshua M. Tuchsherer, Esq.
John T. Giesen, Esq.
February 22, 2023
Page 5 of 13

In accordance with Rule 11 then, when Plaintiff filed this lawsuit, he represented to the Court that he had identified legal claims that he believed the County violated and had factual support for those allegations. So, for example, when Plaintiff asserted that the County violated the Reporting of Maltreatment of Minors Act, he represented to the Court that he had a provision or provisions in mind that he believed the County violated and that he had factual support for those allegations. Plaintiff must now provide that information to the County in response to these interrogatories

Plaintiff cannot hide behind the fact that he intends to have his expert(s) opine on some of these issues. The reason is, again, Rule 11. In accordance with Rule 11, for example, when Plaintiff alleged that the County breached a duty for his negligence claim, Plaintiff represented to the court that he knew the standard of care and had factual support that the County breached that duty. If Plaintiff is now alleging that he needs to wait until his expert disclosures to disclose the standard of care and explain how that standard was violated, he has violated Rule 11. Plaintiff should have obtained this information before filing suit. It would be extremrely troubling if Plaintiff does not have this information now.

Plaintiff cannot hide behind the fact that the jury will ultimately determine damages. The County has a right to know what facts and evidence Plaintiff has regarding damages that he might submit to the jury. Courts have held "[c]ontention interrogatories that seek damage theory and methodology information almost invariably will comport with the requirements of Rules 26(b)(1) and 33(c) ..., seeking as they do, information about an inherent element of a claim."[11]

- o  <u>Expectation</u>: Answer the interrogatories

---

[11] *Honeywell Int'l Inc. v. Furuno Elec. Co.*, No. 09-CV-3601 (MJD/TNL), 2013 WL 2385224, at *4 (D. Minn. May 30, 2013)

Joshua M. Tuchsherer, Esq.
John T. Giesen, Esq.
February 22, 2023
Page 6 of 13

### C.   Specific interrogatories

- **Interrogatory 23**: Identify every medical provider, clinic, or hospital from which Decedent sought, or from which Decedent obtained or received, medical treatment, mental or physical, during his lifetime.

    o  Answer: Objection. Decedent's physical and/or mental condition is not in controversy and said information is not likely to lead to admissible evidence during the trial of this matter.

    o  Deficiency: The objection is without merit.  A decedent's physical and mental conditions are always in controversy and are relevant in wrongful death actions because they contribute to the decedent's life expectancy.  Life expectancy is an issue relevant to damages.  CIVJIG 91.75, which sets forth the factors that the jury will consider in determining the monetary value of damages for claims based upon wrongful death, advises the jury that one thing they should consider is the decedent's "life expectancy at the time of his death."   The County understands that Decedent suffered from disabilities.  The County has the right to investigate how those disabilities might have affected his life expectancy.

    o  Expectation: Answer the interrogatory.

- **Interrogatory 41**:  If you contend that Decedent's death was foreseeable, describe in detail, and not in summary fashion, the factual basis for your contention.

    o  Answer: Same quantity objection as in interrogatory answer 35. Objection. Contention interrogatories are premature at this stage of litigation. Object to the extent the interrogatory incorrectly presupposes the particular mechanism of injury must be foreseeable. Subject to the objections, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Plaintiff will supplement this answer with applicable expert opinions by the time required by the Court's scheduling order. Plaintiff further identifies pursuant to Fed. R. Civ. P. 33(d) that the Exhibits to the Complaint show foreseeability of physical harm to Decedent. Discovery and investigation continue.

    o  Deficiency: In addition to this being a contention interrogatory that Plaintiff must answer, this answer also improperly relies on Federal Rule of Civil

Joshua M. Tuchsherer, Esq.
John T. Giesen, Esq.
February 22, 2023
Page 7 of 13

>Procedure 33(d) by referring the County to the voluminous documents attached to the complaint.
>
>The burden of deriving or ascertaining the answer must be substantially the same for both parties to invoke Rule 33(d).[12] Courts have recognized that parties invoking Rule 33 "have a distinct advantage in the compilation of the requested information because of [their] intrinsic familiarity with" the documents."[13] Because of this, "the burdens of ascertaining the requested information" are often not equal given the producing parties' "familiarity with its records and methods of organization…"[14]  Plaintiff drafted the complaint and in pleading negligence, inherently alleged the Decedent's death was foreseeable.  Plaintiff needs to identify that evidence and if it exists in the documents, Plaintiff knows where the information can be found and must point the county to it.
>
>Additionally, Rule 33(d) requires that the records be "business records." There is no evidence that the documents are Plaintiff's business records. Even so, the party relying on the business records must specify the records from which the answer can be derived.[15]  The rule "is not satisfied by the wholesale dumping of documents."[16] Rather, Rule 33.03 requires the responding party "to specify the records from which the answer may be derived or ascertained." "[I]n order to comply with the Rule, the Plaintiffs may not simply refer generically to past or future production of documents they must identify in their answers to the interrogatories specifically which documents contain the answer."[17] Here, Plaintiff did nothing of the sort, and instead simply referred the County to documents "… *en masse*, without

---

[12] *Tekstar Commc'ns, Inc.,* 2009 WL 10711788 at *12.

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Aviva Sports, Inc., v. Fignerhut Direct Marketing, Inc.,* No. 09-1091 (JNE/JSM), 2012 WL 12895643 at *17 (D. Minn. Jan. 3, 2012).

[17] *Soyring v. Fehr,* No. 05-1900 (ADM/RLE), 2006 WL 8443344 at *2 (D. Minn. March 16, 2006).

Joshua M. Tuchsherer, Esq.
John T. Giesen, Esq.
February 22, 2023
Page 8 of 13

> specifying particular documents …," which courts have found to be an abuse of the option provided by Rule 33.[18]
>
> o Expectation: Answer the interrogatory.

## II. Response to request for production of documents

### A. Specific requests

- **Requests 3, 4, 5, 6, 7, 8, and 9.** These requests requested documentation of the various items of damages that EAKH's heirs and next-of-kin could claim.

    - Response: The response to each of the requests all contain some version of the following: "These documents, <u>if in existence</u>, have not been located but will be furnished as discovered. Investigation and Discovery [sic] are ongoing" (emphasis added).

    - Deficiency: This is not a proper response. A party has an obligation to conduct a reasonably diligent search for the documents requested in response to a request for production of documents.[19] A party cannot simply claim that they will try to find them later or will produce them later. It may be true that Plaintiff searched for the documents and could not locate them. If that is the case, Plaintiff should advise that he conducted a reasonable search and no such documents were located. It may also not be true and Plaintiff did not conduct a reasonably diligent search.

    - Expectation: Confirm whether Plaintiff made such a reasonably diligent search and if not, Plaintiff must make it immediately and produce any responsive documents.

- **Request 13**: Signed, written authorizations to permit the inspection and copying of all hospital and other medical reports concerning the physical, mental, or blood condition of Decedent. Authorizations for signature are attached hereto.

    - Response: Objection. Overly broad, and Decedent's physical and/or mental condition is not in controversy and said information is not likely to lead to admissible evidence during the trial of this matter.

---

[18] *Aviva Sports,* 2012 WL 12895643 at *17 (internal citations and quotations omitted) (emphasis added).

[19] *Farmers Ins. Exch. v. West*, No. CV 11-2297 (PAM/JJK), 2012 WL 12894845, at *5 (D. Minn. Sept. 21, 2012).

Joshua M. Tuchsherer, Esq.
John T. Giesen, Esq.
February 22, 2023
Page 9 of 13

- o Deficiency: The objection is without merit. A decedent's physical and mental conditions are always in controversy and are relevant in wrongful death actions because they contribute to the decedent's life expectancy. Life expectancy is an issue relevant to damages. CIVJIG 91.75, which sets forth the factors that the jury will consider in determining the monetary value of damages for claims based upon wrongful death, advises the jury that one thing they should consider is the decedent's "life expectancy at the time of his death." The County understands that Decedent suffered from disabilities. The County has the right to investigate how those disabilities might have affected his life expectancy.

- o Expectation: Respond to the request and sign the authorization previously provided.

- **Request 15**: All written communications including, but not limited to, e-mails and text messages, between you and Julissa Thaler within the five years before Decedent's death.

  - o Response: Objection. The request exceeds what is relevant to any party's claim or defense, is overly broad, lacks importance in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit. Subject to the objections, any and all responsive documents have been or will be produced. See Response to No. 14 above. Investigation and Discovery are ongoing.

  - o Deficiency: This response is not clear regarding whether any responsive documents have been produced. It says responsive documents "have been or will be produced." This is not a proper response. A party has an obligation to conduct a reasonably diligent search for the documents requested in response to a request for production of documents.[20] A party cannot simply claim that they will try to find them later or will produce them later. It may be true that Plaintiff searched for the documents and could not locate them. If that is the case, Plaintiff should advise that he conducted a reasonable search and no such documents were located. It may also not be true and Plaintiff did not conduct a reasonably diligent search.

  - o Expectation: Confirm whether Plaintiff made such a reasonably diligent search and if not, Plaintiff must make it immediately and produce any responsive documents. Also confirm whether Plaintiff produced such documents.

---

[20] *Farmers*, 2012 WL 12894845, at *5.

- **Request 16**: All written communications including, but not limited to, e-mails and text messages, between you and Josie Josephson mentioning, referencing, or concerning Decedent.

    o <u>Response</u>: Objection. Overly broad and not limited in time and scope. The documents sought are not relevant to any party's claims or defense. See Response to No. 14 above. Investigation and Discovery are ongoing.

    o <u>Deficiency</u>: This response is not clear regarding whether any responsive documents have been produced. It says responsive documents "have been or will be produced." This is not a proper response. A party has an obligation to conduct a reasonably diligent search for the documents requested in response to a request for production of documents.[21] A party cannot simply claim that they will try to find them later or will produce them later. It may be true that Plaintiff searched for the documents and could not locate them. If that is the case, Plaintiff should advise that he conducted a reasonable search and no such documents were located. It may also not be true and Plaintiff did not conduct a reasonably diligent search.

    o <u>Expectation</u>: Confirm whether Plaintiff made such a reasonably diligent search and if not, Plaintiff must make it immediately and produce any responsive documents. Also confirm whether Plaintiff produced such documents.

- **Request 17**: All written communications including, but not limited to, e-mails and text messages, between you and Josie Josephson mentioning, referencing, or concerning Julissa Thaler.

    o <u>Response</u>: Objection. Overly broad and not limited in time and scope. The documents sought are not relevant to any party's claims or defense. See Response to No. 14 above. Investigation and Discovery are ongoing.

    o <u>Deficiency</u>: This response is not clear regarding whether any responsive documents have been produced. It says responsive documents "have been or will be produced." This is not a proper response. A party has an obligation to conduct a reasonably diligent search for the documents requested in response to a request for production of documents.[22] A party cannot simply claim that they will try to find them later or will produce them later. It may be true that Plaintiff searched for the documents and could not locate them.

---

[21] *Farmers,* 2012 WL 12894845, at *5.

[22] *Id.*

Joshua M. Tuchsherer, Esq.
John T. Giesen, Esq.
February 22, 2023
Page 11 of 13

> If that is the case, Plaintiff should advise that he conducted a reasonable search and no such documents were located. It may also not be true and Plaintiff did not conduct a reasonably diligent search.
>
> o <u>Expectation</u>: Confirm whether Plaintiff made such a reasonably diligent search and if not, Plaintiff must make it immediately and produce any responsive documents. Also confirm whether Plaintiff produced such documents.

- **Request 26**: All written communications including, but not limited to, cards, letters, e-mails and text messages, between any of Decedent's heirs and next of kin and Decedent.

    o <u>Response</u>: Objection. Overly broad, not limited in time and scope, lacks importance in resolving the issues, the burden or expense of the proposed discovery outweighs its likely benefit, and the request seeks documents outside the responding party's possession, custody, or control. Subject to the objection, any and all responsive documents have been or will be produced. Investigation and Discovery are ongoing.

    o <u>Deficiency</u>: This response is not clear regarding whether any responsive documents have been produced. It says responsive documents "have been or will be produced." This is not a proper response. A party has an obligation to conduct a reasonably diligent search for the documents requested in response to a request for production of documents.[23] A party cannot simply claim that they will try to find them later or will produce them later. It may be true that Plaintiff searched for the documents and could not locate them. If that is the case, Plaintiff should advise that he conducted a reasonable search and no such documents were located. It may also not be true and Plaintiff did not conduct a reasonably diligent search.

    o <u>Expectation</u>: Confirm whether Plaintiff made such a reasonably diligent search and if not, Plaintiff must make it immediately and produce any responsive documents. Also confirm whether Plaintiff produced such documents.

- **Request 27**: Photographs, journals, diaries, or other writings and documents that mention, reference, or concern Decedent.

    o <u>Response</u>: Objection. Overly broad, not limited in time and scope, lacks importance in resolving the issues, the burden or expense of the proposed

---

[23] *Farmers,* 2012 WL 12894845, at *5.

Joshua M. Tuchsherer, Esq.
John T. Giesen, Esq.
February 22, 2023
Page 12 of 13

> discovery outweighs its likely benefit, and the request seeks documents outside the responding party's possession, custody, or control. Subject to the objection, any and all responsive documents have been or will be produced. Investigation and Discovery are ongoing.
>
> o <u>Deficiency</u>: This response is not clear regarding whether any responsive documents have been produced. It says responsive documents "have been or will be produced." This is not a proper response. A party has an obligation to conduct a reasonably diligent search for the documents requested in response to a request for production of documents.[24] A party cannot simply claim that they will try to find them later or will produce them later. It may be true that Plaintiff searched for the documents and could not locate them. If that is the case, Plaintiff should advise that he conducted a reasonable search and no such documents were located. It may also not be true and Plaintiff did not conduct a reasonably diligent search.
>
> o <u>Expectation</u>: Confirm whether Plaintiff made such a reasonably diligent search and if not, Plaintiff must make it immediately and produce any responsive documents. Also confirm whether Plaintiff produced such documents.

- **Request 28**: Photographs, journals, diaries, or other writings and documents to or from Decedent that you may use to support your allegations that Decedent's heirs and next-of-kin sustained pecuniary loss as a result of Decedent's death.

    o <u>Response</u>: Any and all responsive documents have been or will be produced. Investigation and Discovery are ongoing.

    o <u>Deficiency</u>: This response is not clear regarding whether any responsive documents have been produced. It says responsive documents "have been or will be produced." This is not a proper response. A party has an obligation to conduct a reasonably diligent search for the documents requested in response to a request for production of documents.[25] A party cannot simply claim that they will try to find them later or will produce them later. It may be true that Plaintiff searched for the documents and could not locate them. If that is the case, Plaintiff should advise that he conducted a reasonable search and no such documents were located. It may also not be true and Plaintiff did not conduct a reasonably diligent search.

---

[24] *Farmers,* 2012 WL 12894845, at *5.

[25] *Id.*

Joshua M. Tuchsherer, Esq.
John T. Giesen, Esq.
February 22, 2023
Page 13 of 13

- o <u>Expectation</u>: Confirm whether Plaintiff made such a reasonably diligent search and if not, Plaintiff must make it immediately and produce any responsive documents. Also confirm whether Plaintiff produced such documents.

### B.  Issue with the document production

"Plaintiff-Text Messages Josie Josephson 1 of 41" through "Plaintiff-Text Messages Josie Josephson 41 of 41" contain text messages sent to you from Josie Josephson but the messages are cut off and illegible. Please provide legible copies as soon as possible.

### C.  Stipulation for dismissal of § 1983 Claim

The County did not conduct discovery on the claim under 42 U.S.C. § 1983 because you advised that Plaintiff was willing to dismiss it. The County sent over a stipulation for dismissal on the count but has not heard back. Please advise on the status.

Best regards,

*/s/ William M. Topka*

William M. Topka
Assistant Dakota County Attorney