# OFFICE OF DAKOTA COUNTY ATTORNEY
## KATHRYN M. KEENA
### COUNTY ATTORNEY



Dakota County Judicial Center                    Telephone:  651-438-4438 (Main)
1560 Highway 55                                  Facsimile:   651-438-4479 (Civil/Protective Services)
Hastings, Minnesota 55033-2392                   Facsimile:   651-438-4500 (Criminal/Delinquency)
Email:  william.topka@co.dakota.mn.us            Facsimile:   651-438-4499 (Administration)

March 15, 2023

Joshua Tuchscherer, Esq.            **VIA E-MAIL ONLY**
Meshbesher & Spence                 jtuchscherer@meshbesher.com
1616 Park Avenue                    shammer@meshbesher.com
Minneapolis, MN 55404

Re:   *Tory Hart v. County of Dakota, et al.*
      **Court File No.:    22-CV-02035**
      **Our File No.:      LT-2022-00033**

Dear Josh:

I write to continue our discussion regarding Tort Hart's, trustee for the heirs and next-of-kin of E.K.A.H., ("**Plaintiff**") answer and response to Dakota County's, Beth Dehner's, and Jennifer Streefland's (collectively "**the County**") interrogatories and request for production of documents.  I sent you a letter on February 22, 2023, advising you that the County believes the answer and response are deficient.  I requested that Plaintiff correct those deficiencies by March 1, 2023.

On March 1, 2023, I received a letter from John Giesen and "Plaintiff's supplemental disclosure."  Neither comes close to resolving a majority of the issues I identified in my February 22, 2023, letter.  Please have this correspondence serve as the County's continuing good-faith effort to resolve a discovery dispute pursuant to Local Rule 7.1(a).  Below I will discuss the continuing deficiencies in Plaintiff's answer and response.  I respectfully request that Plaintiff cure all the discovery deficiencies raised in this letter on or before March 22, 2023.

**<u>Should Plaintiff fail or refuse to do so, please provide me dates and times that I can call you to discuss the matter so that I can bring a motion to compel.</u>**

EXHIBIT 11

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 2 of 60

## I.    Plaintiff's answer to the County's interrogatories 9, 11, 12, 13, 14, 15, 16, 17, 28, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 41, 42, 43, 44, 45, 46, 47, and 48

Your argument that Plaintiff "did his best" to answer these contention interrogatories and demanding that I detail "particularized issues" is disingenuous. Plaintiff made no effort to answer the interrogatories. As I explained in my prior letter, he made the same or similar response to each of them, that being that (1) they were premature; (2) would be provided by his experts in their opinions; and (3) damages would be "determined by the jury." I previously explained why none of these positions have merit.

I do not see how it would be helpful for me to itemize each interrogatory and restate the same issues with each one and provide the same response when a generalized discussion would be much more efficient. Nevertheless, as you requested, I discuss each interrogatory below.

- **Interrogatory 9**: Describe in detail all items of contribution, whether monetary or otherwise, that Decedent made to each one of his heirs and next-of-kin.

    o   <u>Answer</u>: Objection: "contribution, whether monetary or otherwise" is ambiguous. Subject to the objection, Plaintiff will claim all damages available under the law including, but not limited to, Minn. Stat. §573.02 (action for death by wrongful death) and CIVJIG 91.75 (measure of damages-wrongful death). The value of these losses will be determined by the trier of fact. See also interrogatory answer 11. Investigation and discovery continue.

    o   <u>Deficiency</u>: Plaintiff cannot hide behind the fact that the jury will ultimately determine damages. The County has a right to know what facts and evidence Plaintiff has regarding damages that he might submit to the jury. Courts have held "[c]ontention interrogatories that seek damage theory and methodology information almost invariably will comport with the requirements of Rules 26(b)(1) and 33(c) ..., seeking as they do, information about an inherent element of a claim."[1]

    o   <u>Expectation</u>: Answer the interrogatory.

---

[1] *Honeywell Int'l Inc. v. Furuno Elec. Co.*, No. 09-CV-3601 (MJD/TNL), 2013 WL 2385224, at *4 (D. Minn. May 30, 2013)

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 3 of 60

- **Interrogatory 11**: Describe in detail the guidance from Decedent that each heir and next- of-kin claims s/he/they lost as a result of Decedent's death.

  - <u>Answer</u>: The counsel, guidance, and aid, comfort, assistance, protection, support and companionship that Decedent would have provided will be determined by the jury consistent with the parameters of CIVJIG 91.75. Plaintiff loved Decedent and had a close, loving relationship with him. Further, the heirs and next of kin will be available for testimony by deposition and/or trial to answer this question. Investigation and discovery continue.

  - <u>Deficiency</u>:  Plaintiff cannot hide behind the fact that the jury will ultimately determine damages.  The County has a right to know what facts and evidence Plaintiff has regarding damages that he might submit to the jury.  Courts have held "[c]ontention interrogatories that seek damage theory and methodology information almost invariably will comport with the requirements of Rules 26(b)(1) and 33(c) ..., seeking as they do, information about an inherent element of a claim."[2]

  - <u>Expectation</u>:  Answer the interrogatory.

- **Interrogatory 12**: Describe in detail the counsel from Decedent that each heir and next- of-kin claims s/he/they lost as a result of Decedent's death.

  - <u>Answer</u>: See interrogatory answer 11.

  - <u>Deficiency</u>:  Plaintiff cannot hide behind the fact that the jury will ultimately determine damages.  The County has a right to know what facts and evidence Plaintiff has regarding damages that he might submit to the jury.  Courts have held "[c]ontention interrogatories that seek damage theory and methodology information almost invariably will comport with the requirements of Rules 26(b)(1) and 33(c) ..., seeking as they do, information about an inherent element of a claim."[3]

  - <u>Expectation</u>:  Answer the interrogatory.

---

[2] *Honeywell Int'l Inc. v. Furuno Elec. Co.*, No. 09-CV-3601 (MJD/TNL), 2013 WL 2385224, at *4 (D. Minn. May 30, 2013)

[3] *Honeywell Int'l Inc. v. Furuno Elec. Co.*, No. 09-CV-3601 (MJD/TNL), 2013 WL 2385224, at *4 (D. Minn. May 30, 2013)

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 4 of 60

- **Interrogatory 13**: Describe in detail the aid from Decedent that each heir and next-of- kin claims s/he/they lost as a result of Decedent's death.

    o <u>Answer</u>:  See interrogatory answer 11.

    o <u>Deficiency</u>:  Plaintiff cannot hide behind the fact that the jury will ultimately determine damages.  The County has a right to know what facts and evidence Plaintiff has regarding damages that he might submit to the jury.   Courts have held "[c]ontention interrogatories that seek damage theory and methodology information almost invariably will comport with the requirements of Rules 26(b)(1) and 33(c) ..., seeking as they do, information about an inherent element of a claim."[4]

    o <u>Expectation</u>:  Answer the interrogatory.

- **Interrogatory 14**: Describe in detail the comfort from Decedent that each heir and next- of-kin claims s/he/they lost as a result of Decedent's death.

    o <u>Answer</u>:  See interrogatory answer 11.

    o <u>Deficiency</u>:  Plaintiff cannot hide behind the fact that the jury will ultimately determine damages.  The County has a right to know what facts and evidence Plaintiff has regarding damages that he might submit to the jury.   Courts have held "[c]ontention interrogatories that seek damage theory and methodology information almost invariably will comport with the requirements of Rules 26(b)(1) and 33(c) ..., seeking as they do, information about an inherent element of a claim."[5]

    o <u>Expectation</u>:  Answer the interrogatory.

---

[4] *Honeywell Int'l Inc. v. Furuno Elec. Co.*, No. 09-CV-3601 (MJD/TNL), 2013 WL 2385224, at *4 (D. Minn. May 30, 2013)

[5] *Honeywell Int'l Inc. v. Furuno Elec. Co.*, No. 09-CV-3601 (MJD/TNL), 2013 WL 2385224, at *4 (D. Minn. May 30, 2013)

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 5 of 60

- **Interrogatory 15**: Describe in detail the assistance from Decedent that each heir and next-of-kin claims s/he/they lost as a result of Decedent's death.

  o <u>Answer</u>:  See interrogatory answer 11.

  o <u>Deficiency</u>:  Plaintiff cannot hide behind the fact that the jury will ultimately determine damages.  The County has a right to know what facts and evidence Plaintiff has regarding damages that he might submit to the jury.   Courts have held "[c]ontention interrogatories that seek damage theory and methodology information almost invariably will comport with the requirements of Rules 26(b)(1) and 33(c) ..., seeking as they do, information about an inherent element of a claim."[6]

  o <u>Expectation</u>:  Answer the interrogatory.

- **Interrogatory 16**: Describe in detail the protection from Decedent that each heir and next-of-kin claims s/he/they lost as a result of Decedent's death.

  o <u>Answer</u>:  See interrogatory answer 11.

  o <u>Deficiency</u>:  Plaintiff cannot hide behind the fact that the jury will ultimately determine damages.  The County has a right to know what facts and evidence Plaintiff has regarding damages that he might submit to the jury.   Courts have held "[c]ontention interrogatories that seek damage theory and methodology information almost invariably will comport with the requirements of Rules 26(b)(1) and 33(c) ..., seeking as they do, information about an inherent element of a claim."[7]

  o <u>Expectation</u>:  Answer the interrogatory.

---

[6] *Honeywell Int'l Inc. v. Furuno Elec. Co.*, No. 09-CV-3601 (MJD/TNL), 2013 WL 2385224, at *4 (D. Minn. May 30, 2013)

[7] *Honeywell Int'l Inc. v. Furuno Elec. Co.*, No. 09-CV-3601 (MJD/TNL), 2013 WL 2385224, at *4 (D. Minn. May 30, 2013)

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 6 of 60

- **Interrogatory 17**: Describe in detail the support from Decedent that each heir and next- of-kin claims s/he/they lost as a result of Decedent's death.

    o <u>Answer</u>:  See interrogatory answer 11.

    o <u>Deficiency</u>:  Plaintiff cannot hide behind the fact that the jury will ultimately determine damages.  The County has a right to know what facts and evidence Plaintiff has regarding damages that he might submit to the jury.   Courts have held "[c]ontention interrogatories that seek damage theory and methodology information almost invariably will comport with the requirements of Rules 26(b)(1) and 33(c) ..., seeking as they do, information about an inherent element of a claim."[8]

    o <u>Expectation</u>:  Answer the interrogatory.

- **Interrogatory 28**: Did the Decedent make any contribution of money, property, or other items having a monetary value toward the support, maintenance, or well-being of any next of kin and, if so, please itemize the following:

    a. The amount and nature of the contribution.
    b. The date(s) upon which each contribution was made;
    c. The person(s) receiving each contribution;
    d. The period of time over which the contributions were made;
    e. The regularity or irregularity of the contributions; and
    f.       Identify by date, author, type, recipient, and present custodian of each and every document referring to or otherwise evidencing each contribution.

    o <u>Answer:</u>  Objection: "contribution, whether monetary or otherwise" is ambiguous. Subject to the objection, Plaintiff will claim all damages available under the law including, but not limited to, Minn. Stat. §573.02 (action for death by wrongful death) and CIVJIG 91.75 (measure of damages-wrongful death). The value of these losses will be determined by the trier of fact. See also interrogatory answer 11. Investigation and discovery continue.

    o <u>Deficiency</u>:  Plaintiff cannot hide behind the fact that the jury will ultimately determine damages.  The County has a right to know what

---

[8] *Honeywell Int'l Inc. v. Furuno Elec. Co.*, No. 09-CV-3601 (MJD/TNL), 2013 WL 2385224, at *4 (D. Minn. May 30, 2013)

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 7 of 60

facts and evidence Plaintiff has regarding damages that he might submit to the jury. Courts have held "[c]ontention interrogatories that seek damage theory and methodology information almost invariably will comport with the requirements of Rules 26(b)(1) and 33(c) ..., seeking as they do, information about an inherent element of a claim."[9]

- o <u>Expectation</u>: Answer the interrogatory.

- **Interrogatory 30**: Identify all damages (including special damages), expenses, injuries, or pecuniary loss that you allege have been incurred as a result of the incident and/or that you are requesting as a result of the incident. For each type of damage, expense, injury or pecuniary loss, identify the following:

  a. The nature of the damage, expense, injury or pecuniary loss;
  b. The extent of the injury and the amount of damage, expense or pecuniary loss;
  c. The manner in which you calculated the value of damage, expense, injury and pecuniary loss; and
  d. Identify all facts, evidence and documents that relates to or supports your claim of injury, damage, expense or pecuniary loss.

  - o <u>Answer</u>: All general damages and special damages will be determined by the trier of fact according to CIVJIG 91.75 – Measure of Damages and other applicable laws and statutes. See also interrogatory answer 11. Investigation and discovery continue.

  - o <u>Deficiency</u>: Plaintiff cannot hide behind the fact that the jury will ultimately determine damages. The County has a right to know what facts and evidence Plaintiff has regarding damages that he might submit to the jury. Courts have held "[c]ontention interrogatories that seek damage theory and methodology information almost invariably will comport with the requirements of Rules 26(b)(1) and 33(c) ..., seeking as they do, information about an inherent element of a claim."[10]

  - o <u>Expectation</u>: Answer the interrogatory.

---

[9] *Honeywell Int'l Inc. v. Furuno Elec. Co.*, No. 09-CV-3601 (MJD/TNL), 2013 WL 2385224, at *4 (D. Minn. May 30, 2013)

[10] *Honeywell Int'l Inc. v. Furuno Elec. Co.*, No. 09-CV-3601 (MJD/TNL), 2013 WL 2385224, at *4 (D. Minn. May 30, 2013)

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 8 of 60

- **Interrogatory 31**: If you contend that the County was negligent because the County failed to follow, or failed to conform its conduct to, any provision of Minnesota Statutes Chapter 260C, describe in detail, and not in summary fashion, the provision that you contend the County failed to follow or failed to conform to and the factual basis for your contention.

    o <u>Answer</u>: Objection. Contention interrogatories are premature at this stage of litigation. Plaintiff is still diligently reviewing Defendant's voluminous production of documents. In addition, Plaintiff intends to disclose expert opinions on liability by the deadline set for expert disclosures in the Court's scheduling order. Subject to the objection, statutory violations are identified in the Plaintiff's Complaint and accompanying Exhibits to the extent they are currently known. Investigation and discovery continue. Plaintiff reserves the right to supplement this response.

    o <u>Deficiency</u>: The interrogatories are not "premature." "Although courts often allow parties to wait until the end of discovery to answer contention interrogatories,… [d]efendants may discover the basis for … initial allegations at this stage of the litigation, even if it is not the full universe of facts that ultimately are offered in support of the allegation at trial."[11] This is all the County is seeking at this time. While the County is cognizant that discovery is in the early stages and Plaintiff does not know the exact manner in which he will present the case to the jury, the County only asks Plaintiff to identify the claims he is asserting now and provide the factual basis for them.

    Presumably, this information exists. Federal Rule of Civil Procedure 11 indicates that by presenting a pleading to the court, the party and their attorney represent, among other things, that "the claims … and other legal contentions are warranted by existing law …" and "the factual contentions have evidentiary support." The rule "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. … the standard is one of reasonableness … [and] is more stringent than … good faith …"[12]

---

[11] *United States v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 1453063, at *2 (D. Minn. Apr. 2, 2019), *aff'd sub nom. United States ex rel. Fesenmaier v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 3245003 (D. Minn. July 19, 2019)

[12] Fed. R. Civ. P. 11, 1983 Committee Comment.

In accordance with Rule 11 then, when Plaintiff filed this lawsuit, he represented to the Court that he had identified legal claims that he believed the County violated and had factual support for those allegations. So, for example, when Plaintiff asserted that the County violated the Reporting of Maltreatment of Minors Act, he represented to the Court that he had a provision or provisions in mind that he believed the County violated and that he had factual support for those allegations.   Plaintiff must now provide that information to the County in response to these interrogatories

Plaintiff cannot hide behind the fact that he intends to have his expert(s) opine on some of these issues.  The reason is, again, Rule 11.  In accordance with Rule 11, for example, when Plaintiff alleged that the County breached a duty for his negligence claim, Plaintiff represented to the court that he knew the standard of care and had factual support that the County breached that duty.  If Plaintiff is now alleging that he needs to wait until his expert disclosures to disclose the standard of care and explain how that standard was violated, he has violated Rule 11.  Plaintiff should have obtained this information before filing suit.  It would be extremely troubling if Plaintiff does not have this information now.

This answer also improperly relies on Federal Rule of Civil Procedure 33(d) by referring the County to the voluminous documents attached to the complaint.

The burden of deriving or ascertaining the answer must be substantially the same for both parties to invoke Rule 33(d).[13]  Courts have recognized that parties invoking Rule 33 "have a distinct advantage in the compilation of the requested information because of [their] intrinsic familiarity with" the documents."[14] Because of this, "the burdens of ascertaining the requested information" are often not equal given the producing parties' "familiarity with its records and methods of organization…"[15]   Plaintiff drafted the complaint and in pleading negligence, inherently alleged the Decedent's death was foreseeable.  Plaintiff needs to identify that

---

[13] *Tekstar Commc'ns, Inc.,* 2009 WL 10711788 at *12.

[14] *Id.*

[15] *Id.*

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 10 of 60

evidence and if it exists in the documents, Plaintiff knows where the information can be found and must point the county to it.

Additionally, Rule 33(d) requires that the records be "business records." There is no evidence that the documents are Plaintiff's business records. Even so, the party relying on the business records must specify the records from which the answer can be derived.[16] The rule "is not satisfied by the wholesale dumping of documents."[17] Rather, Rule 33.03 requires the responding party "to specify the records from which the answer may be derived or ascertained." "[I]n order to comply with the Rule, the Plaintiffs may not simply refer generically to past or future production of documents they must identify in their answers to the interrogatories specifically which documents contain the answer."[18] Here, Plaintiff did nothing of the sort, and instead simply referred the County to documents "… *en masse*, without specifying particular documents …," which courts have found to be an abuse of the option provided by Rule 33.[19]

- o  <u>Expectation</u>: Answer the interrogatory.

- **Interrogatory 32**: If you contend that Beth Dehner was negligent because she failed to follow, or failed to conform her conduct to, any provision of Minnesota Statutes Chapter 260C, describe in detail, and not in summary fashion, the provision that you contend she failed to follow or failed to conform to and the factual basis for your contention.

  - o  <u>Answer</u>: Objection. Contention interrogatories are premature at this stage of litigation. Plaintiff is still diligently reviewing Defendant's voluminous production of documents. In addition, Plaintiff intends to disclose expert opinions on liability by the deadline set for expert disclosures in the Court's scheduling order. Subject to the objection, statutory violations are identified in the Plaintiff's Complaint and accompanying Exhibits to the extent they are currently known.

---

[16] *Id.*

[17] *Aviva Sports, Inc., v. Fingerhut Direct Marketing, Inc.,* No. 09-1091 (JNE/JSM), 2012 WL 12895643 at *17 (D. Minn. Jan. 3, 2012).

[18] *Soyring v. Fehr,* No. 05-1900 (ADM/RLE), 2006 WL 8443344 at *2 (D. Minn. March 16, 2006).

[19] *Aviva Sports,* 2012 WL 12895643 at *17 (internal citations and quotations omitted) (emphasis added).

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 11 of 60

Investigation and discovery continue. Plaintiff reserves the right to supplement this response.

o   <u>Deficiency</u>:   The interrogatories are not "premature."   "Although courts often allow parties to wait until the end of discovery to answer contention interrogatories,… [d]efendants may discover the basis for … initial allegations at this stage of the litigation, even if it is not the full universe of facts that ultimately are offered in support of the allegation at trial."[20]  This is all the County is seeking at this time.  While the County is cognizant that discovery is in the early stages and Plaintiff does not know the exact manner in which he will present the case to the jury, the County only asks Plaintiff to identify the claims he is asserting now and provide the factual basis for them.

Presumably, this information exists. Federal Rule of Civil Procedure 11 indicates that by presenting a pleading to the court, the party and their attorney represent, among other things, that "the claims … and other legal contentions are warranted by existing law …" and "the factual contentions have evidentiary support."  The rule "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. … the standard is one of reasonableness … [and] is more stringent than … good faith … ."[21]

In accordance with Rule 11 then, when Plaintiff filed this lawsuit, he represented to the Court that he had identified legal claims that he believed the County violated and had factual support for those allegations. So, for example, when Plaintiff asserted that the County violated the Reporting of Maltreatment of Minors Act, he represented to the Court that he had a provision or provisions in mind that he believed the County violated and that he had factual support for those allegations.   Plaintiff must now provide that information to the County in response to these interrogatories

Plaintiff cannot hide behind the fact that he intends to have his expert(s) opine on some of these issues.  The reason is, again, Rule 11.

---

[20] *United States v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 1453063, at *2 (D. Minn. Apr. 2, 2019), *aff'd sub nom. United States ex rel. Fesenmaier v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 3245003 (D. Minn. July 19, 2019)

[21] Fed. R. Civ. P. 11, 1983 Committee Comment.

In accordance with Rule 11, for example, when Plaintiff alleged that the County breached a duty for his negligence claim, Plaintiff represented to the court that he knew the standard of care and had factual support that the County breached that duty. If Plaintiff is now alleging that he needs to wait until his expert disclosures to disclose the standard of care and explain how that standard was violated, he has violated Rule 11. Plaintiff should have obtained this information before filing suit. It would be extremely troubling if Plaintiff does not have this information now.

This answer also improperly relies on Federal Rule of Civil Procedure 33(d) by referring the County to the voluminous documents attached to the complaint.

The burden of deriving or ascertaining the answer must be substantially the same for both parties to invoke Rule 33(d).[22] Courts have recognized that parties invoking Rule 33 "have a distinct advantage in the compilation of the requested information because of [their] intrinsic familiarity with" the documents."[23] Because of this, "the burdens of ascertaining the requested information" are often not equal given the producing parties' "familiarity with its records and methods of organization…"[24] Plaintiff drafted the complaint and in pleading negligence, inherently alleged the Decedent's death was foreseeable. Plaintiff needs to identify that evidence and if it exists in the documents, Plaintiff knows where the information can be found and must point the county to it.

Additionally, Rule 33(d) requires that the records be "business records." There is no evidence that the documents are Plaintiff's business records. Even so, the party relying on the business records must specify the records from which the answer can be derived.[25] The rule "is not satisfied by the wholesale dumping of documents."[26] Rather, Rule 33.03 requires the responding party "to specify the

---

[22] *Tekstar Commc'ns, Inc.,* 2009 WL 10711788 at *12.

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Aviva Sports, Inc., v. Fingerhut Direct Marketing, Inc.,* No. 09-1091 (JNE/JSM), 2012 WL 12895643 at *17 (D. Minn. Jan. 3, 2012).

records from which the answer may be derived or ascertained." "[I]n order to comply with the Rule, the Plaintiffs may not simply refer generically to past or future production of documents they must identify in their answers to the interrogatories specifically which documents contain the answer."[27] Here, Plaintiff did nothing of the sort, and instead simply referred the County to documents "… *en masse*, without specifying particular documents …," which courts have found to be an abuse of the option provided by Rule 33.[28]

- o <u>Expectation</u>:  Answer the interrogatory.

- **Interrogatory 33**: If you contend that Jennifer Streefland was negligent because she failed to follow, or failed to conform her conduct to, any provision of Minnesota Statutes Chapter 260C, describe in detail, and not in summary fashion, the provision that you contend she failed to follow or failed to conform to and the factual basis for your contention.

  - o <u>Answer</u>: Objection. Contention interrogatories are premature at this stage of litigation. Plaintiff is still diligently reviewing Defendant's voluminous production of documents. In addition, Plaintiff intends to disclose expert opinions on liability by the deadline set for expert disclosures in the Court's scheduling order. Subject to the objection, statutory violations are identified in the Plaintiff's Complaint and accompanying Exhibits to the extent they are currently known.

    Investigation and discovery continue. Plaintiff reserves the right to supplement this response.

  - o <u>Deficiency</u>:  The interrogatories are not "premature."  "Although courts often allow parties to wait until the end of discovery to answer contention interrogatories,… [d]efendants may discover the basis for … initial allegations at this stage of the litigation, even if it is not the full universe of facts that ultimately are offered in support of the allegation at trial."[29]  This is all the County is seeking at this

---

[27] *Soyring v. Fehr,* No. 05-1900 (ADM/RLE), 2006 WL 8443344 at *2 (D. Minn. March 16, 2006).

[28] *Aviva Sports,* 2012 WL 12895643 at *17 (internal citations and quotations omitted) (emphasis added).

[29] *United States v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 1453063, at *2 (D. Minn. Apr. 2, 2019), *aff'd sub nom. United States ex rel. Fesenmaier v.*

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 14 of 60

time.  While the County is cognizant that discovery is in the early stages and Plaintiff does not know the exact manner in which he will present the case to the jury, the County only asks Plaintiff to identify the claims he is asserting now and provide the factual basis for them.

Presumably, this information exists. Federal Rule of Civil Procedure 11 indicates that by presenting a pleading to the court, the party and their attorney represent, among other things, that "the claims … and other legal contentions are warranted by existing law …" and "the factual contentions have evidentiary support."  The rule "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. … the standard is one of reasonableness … [and] is more stringent than … good faith … ."[30]

In accordance with Rule 11 then, when Plaintiff filed this lawsuit, he represented to the Court that he had identified legal claims that he believed the County violated and had factual support for those allegations. So, for example, when Plaintiff asserted that the County violated the Reporting of Maltreatment of Minors Act, he represented to the Court that he had a provision or provisions in mind that he believed the County violated and that he had factual support for those allegations.  Plaintiff must now provide that information to the County in response to these interrogatories

Plaintiff cannot hide behind the fact that he intends to have his expert(s) opine on some of these issues.  The reason is, again, Rule 11. In accordance with Rule 11, for example, when Plaintiff alleged that the County breached a duty for his negligence claim, Plaintiff represented to the court that he knew the standard of care and had factual support that the County breached that duty.  If Plaintiff is now alleging that he needs to wait until his expert disclosures to disclose the standard of care and explain how that standard was violated, he has violated Rule 11.  Plaintiff should have obtained this information before filing suit.  It would be extremely troubling if Plaintiff does not have this information now.

---

*Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 3245003 (D. Minn. July 19, 2019)

[30] Fed. R. Civ. P. 11, 1983 Committee Comment.

This answer also improperly relies on Federal Rule of Civil Procedure 33(d) by referring the County to the voluminous documents attached to the complaint.

The burden of deriving or ascertaining the answer must be substantially the same for both parties to invoke Rule 33(d).[31] Courts have recognized that parties invoking Rule 33 "have a distinct advantage in the compilation of the requested information because of [their] intrinsic familiarity with" the documents."[32] Because of this, "the burdens of ascertaining the requested information" are often not equal given the producing parties' "familiarity with its records and methods of organization..."[33]  Plaintiff drafted the complaint and in pleading negligence, inherently alleged the Decedent's death was foreseeable.  Plaintiff needs to identify that evidence and if it exists in the documents, Plaintiff knows where the information can be found and must point the county to it.

Additionally, Rule 33(d) requires that the records be "business records."  There is no evidence that the documents are Plaintiff's business records.  Even so, the party relying on the business records must specify the records from which the answer can be derived.[34] The rule "is not satisfied by the wholesale dumping of documents."[35] Rather, Rule 33.03 requires the responding party "to specify the records from which the answer may be derived or ascertained." "[I]n order to comply with the Rule, the Plaintiffs may not simply refer generically to past or future production of documents they must identify in their answers to the interrogatories specifically which documents contain the answer."[36] Here, Plaintiff did nothing of the sort, and instead simply referred the County to documents "... *en*

---

[31] *Tekstar Commc'ns, Inc.,* 2009 WL 10711788 at *12.

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] *Aviva Sports, Inc., v. Fingerhut Direct Marketing, Inc.,* No. 09-1091 (JNE/JSM), 2012 WL 12895643 at *17 (D. Minn. Jan. 3, 2012).

[36] *Soyring v. Fehr,* No. 05-1900 (ADM/RLE), 2006 WL 8443344 at *2 (D. Minn. March 16, 2006).

*masse*, without specifying particular documents …," which courts have found to be an abuse of the option provided by Rule 33.[37]

o <u>Expectation</u>: Answer the interrogatory.

- **Interrogatory 34**: If you contend that the County was negligent because the County failed to follow, or failed to conform its conduct to, any provision of Minnesota Statutes Chapter 626, describe in detail, and not in summary fashion, the provision that you contend the County failed to follow or failed to conform to and the factual basis for your contention.
  o <u>Answer</u>: Objection. Contention interrogatories are premature at this stage of litigation. Plaintiff is still diligently reviewing Defendant's voluminous production of documents. In addition, Plaintiff intends to disclose expert opinions on liability by the deadline set for expert disclosures in the Court's scheduling order. Subject to the objection, statutory violations are identified in the Plaintiff's Complaint and accompanying Exhibits to the extent they are currently known.

  Investigation and discovery continue. Plaintiff reserves the right to supplement this response.

  o <u>Deficiency</u>:  The interrogatories are not "premature."  "Although courts often allow parties to wait until the end of discovery to answer contention interrogatories,… [d]efendants may discover the basis for … initial allegations at this stage of the litigation, even if it is not the full universe of facts that ultimately are offered in support of the allegation at trial."[38]  This is all the County is seeking at this time.  While the County is cognizant that discovery is in the early stages and Plaintiff does not know the exact manner in which he will present the case to the jury, the County only asks Plaintiff to identify the claims he is asserting now and provide the factual basis for them.

  Presumably, this information exists. Federal Rule of Civil Procedure 11 indicates that by presenting a pleading to the court, the party and their attorney represent, among other things, that "the claims … and other legal contentions are warranted by existing law …" and "the

---

[37] *Aviva Sports,* 2012 WL 12895643 at *17 (internal citations and quotations omitted) (emphasis added).

[38] *United States v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 1453063, at *2 (D. Minn. Apr. 2, 2019), *aff'd sub nom. United States ex rel. Fesenmaier v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 3245003 (D. Minn. July 19, 2019)

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 17 of 60

factual contentions have evidentiary support." The rule "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. ... the standard is one of reasonableness ... [and] is more stringent than ... good faith ... ."[39]

In accordance with Rule 11 then, when Plaintiff filed this lawsuit, he represented to the Court that he had identified legal claims that he believed the County violated and had factual support for those allegations. So, for example, when Plaintiff asserted that the County violated the Reporting of Maltreatment of Minors Act, he represented to the Court that he had a provision or provisions in mind that he believed the County violated and that he had factual support for those allegations. Plaintiff must now provide that information to the County in response to these interrogatories

Plaintiff cannot hide behind the fact that he intends to have his expert(s) opine on some of these issues. The reason is, again, Rule 11. In accordance with Rule 11, for example, when Plaintiff alleged that the County breached a duty for his negligence claim, Plaintiff represented to the court that he knew the standard of care and had factual support that the County breached that duty. If Plaintiff is now alleging that he needs to wait until his expert disclosures to disclose the standard of care and explain how that standard was violated, he has violated Rule 11. Plaintiff should have obtained this information before filing suit. It would be extremely troubling if Plaintiff does not have this information now.

This answer also improperly relies on Federal Rule of Civil Procedure 33(d) by referring the County to the voluminous documents attached to the complaint.

The burden of deriving or ascertaining the answer must be substantially the same for both parties to invoke Rule 33(d).[40] Courts have recognized that parties invoking Rule 33 "have a distinct advantage in the compilation of the requested information because of [their] intrinsic familiarity with" the documents."[41] Because of this, "the burdens of ascertaining the requested information" are often not

---

[39] Fed. R. Civ. P. 11, 1983 Committee Comment.

[40] *Tekstar Commc'ns, Inc.,* 2009 WL 10711788 at *12.

[41] *Id.*

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 18 of 60

equal given the producing parties' "familiarity with its records and methods of organization…"[42]  Plaintiff drafted the complaint and in pleading negligence, inherently alleged the Decedent's death was foreseeable.  Plaintiff needs to identify that evidence and if it exists in the documents, Plaintiff knows where the information can be found and must point the county to it.

Additionally, Rule 33(d) requires that the records be "business records."  There is no evidence that the documents are Plaintiff's business records.  Even so, the party relying on the business records must specify the records from which the answer can be derived.[43]  The rule "is not satisfied by the wholesale dumping of documents."[44]  Rather, Rule 33.03 requires the responding party "to specify the records from which the answer may be derived or ascertained." "[I]n order to comply with the Rule, the Plaintiffs may not simply refer generically to past or future production of documents they must identify in their answers to the interrogatories specifically which documents contain the answer."[45] Here, Plaintiff did nothing of the sort, and instead simply referred the County to documents "… *en masse*, without specifying particular documents …," which courts have found to be an abuse of the option provided by Rule 33.[46]

- o  <u>Expectation</u>:  Answer the interrogatory.

- **Interrogatory 35**: If you contend that Beth Dehner was negligent because she failed to follow, or failed to conform her conduct to, any provision of Minnesota Statutes Chapter 626, describe in detail, and not in summary fashion, the provision that you contend she failed to follow or failed to conform to and the factual basis for your contention.

---

[42] *Id.*

[43] *Id.*

[44] *Aviva Sports, Inc., v. Fingerhut Direct Marketing, Inc.,* No. 09-1091 (JNE/JSM), 2012 WL 12895643 at *17 (D. Minn. Jan. 3, 2012).

[45] *Soyring v. Fehr,* No. 05-1900 (ADM/RLE), 2006 WL 8443344 at *2 (D. Minn. March 16, 2006).

[46] *Aviva Sports,* 2012 WL 12895643 at *17 (internal citations and quotations omitted) (emphasis added).

o <u>Answer</u>:  Objection. This interrogatory exceeds the 50-interrogatory limit in the Court's scheduling order when discrete subparts are counted pursuant to Fed. R. Civ. P. 33(a) (interrogatory 4 contains 4 discrete subparts, interrogatory 27 contains 6 discrete subparts, interrogatory 28 contains 6 discrete subparts, and interrogatory 30 contains 4 discrete subparts). Object that contention interrogatories are premature at this stage of litigation. Plaintiff is still diligently reviewing Defendant's voluminous production of documents. In addition, Plaintiff intends to disclose expert opinions on liability by the deadline set for expert disclosures in the Court's scheduling order. Subject to the objection, statutory violations are identified in the Plaintiff's Complaint and accompanying Exhibits to the extent they are currently known. Investigation and discovery continue. Plaintiff reserves the right to supplement this response.

o <u>Deficiency</u>:  Your objection to the total number of interrogatories is without merit.  The interrogatories totaled 48, not more than the 50 allowed as you complain.   Rule 33 of the Federal Rules of Civil Procedure provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."[47] "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that interrogatory subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question."[48]  "[I]f a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory, no matter how it is designated."[49]

Here, the Court allowed 50 written interrogatories, but the County only served 48.  While some of them included subparts, those subparts were subsumed by and related to the primary question and were not a line of inquiry that was separate and distinct from the primary question, so they only count as one interrogatory.

---

[47] Fed. R. Civ. P. 33(a)(1) (2023).

[48] *In re: Activated Carbon-Based Hunting Clothing Mktg. & Sales Pracs. Litig.*, No. 09-MD-2059 (RHK/JJK), 2009 WL 10659390, at *2 (D. Minn. Sept. 22, 2009)

[49] *Id.*

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 20 of 60

The interrogatories are not "premature." "Although courts often allow parties to wait until the end of discovery to answer contention interrogatories,… [d]efendants may discover the basis for … initial allegations at this stage of the litigation, even if it is not the full universe of facts that ultimately are offered in support of the allegation at trial."[50]  This is all the County is seeking at this time.  While the County is cognizant that discovery is in the early stages and Plaintiff does not know the exact manner in which he will present the case to the jury, the County only asks Plaintiff to identify the claims he is asserting now and provide the factual basis for them.

Presumably, this information exists. Federal Rule of Civil Procedure 11 indicates that by presenting a pleading to the court, the party and their attorney represent, among other things, that "the claims … and other legal contentions are warranted by existing law …" and "the factual contentions have evidentiary support."  The rule "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. … the standard is one of reasonableness … [and] is more stringent than … good faith … ."[51]

In accordance with Rule 11 then, when Plaintiff filed this lawsuit, he represented to the Court that he had identified legal claims that he believed the County violated and had factual support for those allegations. So, for example, when Plaintiff asserted that the County violated the Reporting of Maltreatment of Minors Act, he represented to the Court that he had a provision or provisions in mind that he believed the County violated and that he had factual support for those allegations.   Plaintiff must now provide that information to the County in response to these interrogatories

Plaintiff cannot hide behind the fact that he intends to have his expert(s) opine on some of these issues. The reason is, again, Rule 11. In accordance with Rule 11, for example, when Plaintiff alleged that the County breached a duty for his negligence claim, Plaintiff represented to the court that he knew the standard of care and had factual support that the County breached that duty.  If Plaintiff is

---

[50] *United States v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 1453063, at *2 (D. Minn. Apr. 2, 2019), *aff'd sub nom. Fesenmaier v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 3245003 (D. Minn. July 19, 2019)

[51] Fed. R. Civ. P. 11, 1983 Committee Comment.

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 21 of 60

now alleging that he needs to wait until his expert disclosures to disclose the standard of care and explain how that standard was violated, he has violated Rule 11. Plaintiff should have obtained this information before filing suit. It would be extremely troubling if Plaintiff does not have this information now.

This answer also improperly relies on Federal Rule of Civil Procedure 33(d) by referring the County to the voluminous documents attached to the complaint.

The burden of deriving or ascertaining the answer must be substantially the same for both parties to invoke Rule 33(d).[52] Courts have recognized that parties invoking Rule 33 "have a distinct advantage in the compilation of the requested information because of [their] intrinsic familiarity with" the documents."[53] Because of this, "the burdens of ascertaining the requested information" are often not equal given the producing parties' "familiarity with its records and methods of organization…"[54] Plaintiff drafted the complaint and in pleading negligence, inherently alleged the Decedent's death was foreseeable. Plaintiff needs to identify that evidence and if it exists in the documents, Plaintiff knows where the information can be found and must point the county to it.

Additionally, Rule 33(d) requires that the records be "business records." There is no evidence that the documents are Plaintiff's business records. Even so, the party relying on the business records must specify the records from which the answer can be derived.[55] The rule "is not satisfied by the wholesale dumping of documents."[56] Rather, Rule 33.03 requires the responding party "to specify the records from which the answer may be derived or ascertained." "[I]n order to comply with the Rule, the Plaintiffs may not simply refer generically to past or future production of documents they must identify in their answers to the interrogatories specifically which

---

[52] *Tekstar Commc'ns, Inc.,* 2009 WL 10711788 at *12.

[53] *Id.*

[54] *Id.*

[55] *Id.*

[56] *Aviva Sports, Inc., v. Fingerhut Direct Marketing, Inc.,* No. 09-1091 (JNE/JSM), 2012 WL 12895643 at *17 (D. Minn. Jan. 3, 2012).

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 22 of 60

documents contain the answer."[57] Here, Plaintiff did nothing of the sort, and instead simply referred the County to documents "... *en masse*, without specifying particular documents ...," which courts have found to be an abuse of the option provided by Rule 33.[58]

   o  <u>Expectation</u>:  Answer the interrogatory.

- **Interrogatory 36**: If you contend that Jennifer Streefland was negligent because she failed to follow, or failed to conform her conduct to, any provision of Minnesota Statutes Chapter 626, describe in detail, and not in summary fashion, the provision that you contend she failed to follow or failed to conform to and the factual basis for your contention.

   o  <u>Answer</u>: Same quantity objection as in interrogatory answer 35. Objection. Contention interrogatories are premature at this stage of litigation. Plaintiff is still diligently reviewing Defendant's voluminous production of documents. In addition, Plaintiff intends to disclose expert opinions on liability by the deadline set for expert disclosures in the Court's scheduling order. Subject to the objection, statutory violations are identified in the Plaintiff's Complaint and accompanying Exhibits to the extent they are currently known. Investigation and discovery continue. Plaintiff reserves the right to supplement this response.

   o  <u>Deficiency</u>: Your objection to the total number of interrogatories is without merit. The interrogatories totaled 48, not more than the 50 allowed as you complain. Rule 33 of the Federal Rules of Civil Procedure provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."[59] "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that interrogatory subparts are to be counted as one interrogatory if they are logically or factually subsumed within and

---

[57] *Soyring v. Fehr,* No. 05-1900 (ADM/RLE), 2006 WL 8443344 at *2 (D. Minn. March 16, 2006).

[58] *Aviva Sports,* 2012 WL 12895643 at *17 (internal citations and quotations omitted) (emphasis added).

[59] Fed. R. Civ. P. 33(a)(1) (2023).

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 23 of 60

necessarily related to the primary question."[60]  "[I]f a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory, no matter how it is designated."[61]

Here, the Court allowed 50 written interrogatories, but the County only served 48.  While some of them included subparts, those subparts were subsumed by and related to the primary question and were not a line of inquiry that was separate and distinct from the primary question, so they only count as one interrogatory.

The interrogatories are not "premature."  "Although courts often allow parties to wait until the end of discovery to answer contention interrogatories,… [d]efendants may discover the basis for … initial allegations at this stage of the litigation, even if it is not the full universe of facts that ultimately are offered in support of the allegation at trial."[62]  This is all the County is seeking at this time.  While the County is cognizant that discovery is in the early stages and Plaintiff does not know the exact manner in which he will present the case to the jury, the County only asks Plaintiff to identify the claims he is asserting now and provide the factual basis for them.

Presumably, this information exists. Federal Rule of Civil Procedure 11 indicates that by presenting a pleading to the court, the party and their attorney represent, among other things, that "the claims … and other legal contentions are warranted by existing law …" and "the factual contentions have evidentiary support."  The rule "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. … the standard is one of reasonableness … [and] is more stringent than … good faith … ."[63]

---

[60] *In re: Activated Carbon-Based Hunting Clothing Mktg. & Sales Pracs. Litig.*, No. 09-MD-2059 (RHK/JJK), 2009 WL 10659390, at *2 (D. Minn. Sept. 22, 2009)

[61] *Id.*

[62] *United States v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 1453063, at *2 (D. Minn. Apr. 2, 2019), *aff'd sub nom. United States ex rel. Fesenmaier v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 3245003 (D. Minn. July 19, 2019)

[63] Fed. R. Civ. P. 11, 1983 Committee Comment.

In accordance with Rule 11 then, when Plaintiff filed this lawsuit, he represented to the Court that he had identified legal claims that he believed the County violated and had factual support for those allegations. So, for example, when Plaintiff asserted that the County violated the Reporting of Maltreatment of Minors Act, he represented to the Court that he had a provision or provisions in mind that he believed the County violated and that he had factual support for those allegations.  Plaintiff must now provide that information to the County in response to these interrogatories

Plaintiff cannot hide behind the fact that he intends to have his expert(s) opine on some of these issues.  The reason is, again, Rule 11.  In accordance with Rule 11, for example, when Plaintiff alleged that the County breached a duty for his negligence claim, Plaintiff represented to the court that he knew the standard of care and had factual support that the County breached that duty.  If Plaintiff is now alleging that he needs to wait until his expert disclosures to disclose the standard of care and explain how that standard was violated, he has violated Rule 11.  Plaintiff should have obtained this information before filing suit.  It would be extremely troubling if Plaintiff does not have this information now.

This answer also improperly relies on Federal Rule of Civil Procedure 33(d) by referring the County to the voluminous documents attached to the complaint.

The burden of deriving or ascertaining the answer must be substantially the same for both parties to invoke Rule 33(d).[64]  Courts have recognized that parties invoking Rule 33 "have a distinct advantage in the compilation of the requested information because of [their] intrinsic familiarity with" the documents."[65] Because of this, "the burdens of ascertaining the requested information" are often not equal given the producing parties' "familiarity with its records and methods of organization…"[66]  Plaintiff drafted the complaint and in pleading negligence, inherently alleged the Decedent's death was foreseeable.  Plaintiff needs to identify that evidence and if it exists

---

[64] *Tekstar Commc'ns, Inc.*, 2009 WL 10711788 at *12.

[65] *Id.*

[66] *Id.*

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 25 of 60

in the documents, Plaintiff knows where the information can be found and must point the county to it.

Additionally, Rule 33(d) requires that the records be "business records." There is no evidence that the documents are Plaintiff's business records. Even so, the party relying on the business records must specify the records from which the answer can be derived.[67] The rule "is not satisfied by the wholesale dumping of documents."[68] Rather, Rule 33.03 requires the responding party "to specify the records from which the answer may be derived or ascertained." "[I]n order to comply with the Rule, the Plaintiffs may not simply refer generically to past or future production of documents they must identify in their answers to the interrogatories specifically which documents contain the answer."[69] Here, Plaintiff did nothing of the sort, and instead simply referred the County to documents "… *en masse*, without specifying particular documents …," which courts have found to be an abuse of the option provided by Rule 33.[70]

o  <u>Expectation</u>:  Answer the interrogatory.

- **Interrogatory 37**: If you contend that the County was negligent in any fashion not already described herein, describe in detail, and not in summary fashion, the factual basis for your contention.

  o  <u>Answer</u>: Same quantity objection as in interrogatory answer 35. Objection. Contention interrogatories are premature at this stage of litigation. Plaintiff is still diligently reviewing Defendant's voluminous production of documents. In addition, Plaintiff intends to disclose expert opinions on liability by the deadline set for expert disclosures in the Court's scheduling order. Subject to the objection, the County's acts of negligence are identified in the Plaintiff's Complaint and accompanying Exhibits to the extent they are

---

[67] *Id.*

[68] *Aviva Sports, Inc., v. Fingerhut Direct Marketing, Inc.,* No. 09-1091 (JNE/JSM), 2012 WL 12895643 at *17 (D. Minn. Jan. 3, 2012).

[69] *Soyring v. Fehr,* No. 05-1900 (ADM/RLE), 2006 WL 8443344 at *2 (D. Minn. March 16, 2006).

[70] *Aviva Sports,* 2012 WL 12895643 at *17 (internal citations and quotations omitted) (emphasis added).

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 26 of 60

currently known. Investigation and discovery continue. Plaintiff reserves the right to supplement this response.

o  Deficiency:  Your objection to the total number of interrogatories is without merit.  The interrogatories totaled 48, not more than the 50 allowed as you complain.  Rule 33 of the Federal Rules of Civil Procedure provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."[71] "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that interrogatory subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question."[72]  "[I]f a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory, no matter how it is designated."[73]

Here, the Court allowed 50 written interrogatories, but the County only served 48.  While some of them included subparts, those subparts were subsumed by and related to the primary question and were not a line of inquiry that was separate and distinct from the primary question, so they only count as one interrogatory.

The interrogatories are not "premature."  "Although courts often allow parties to wait until the end of discovery to answer contention interrogatories,… [d]efendants may discover the basis for … initial allegations at this stage of the litigation, even if it is not the full universe of facts that ultimately are offered in support of the allegation at trial."[74]  This is all the County is seeking at this time.  While the County is cognizant that discovery is in the early stages and Plaintiff does not know the exact manner in which he will

---

[71] Fed. R. Civ. P. 33(a)(1) (2023).

[72] *In re: Activated Carbon-Based Hunting Clothing Mktg. & Sales Pracs. Litig.*, No. 09-MD-2059 (RHK/JJK), 2009 WL 10659390, at *2 (D. Minn. Sept. 22, 2009)

[73] *Id.*

[74] *United States v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 1453063, at *2 (D. Minn. Apr. 2, 2019), *aff'd sub nom. United States ex rel. Fesenmaier v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 3245003 (D. Minn. July 19, 2019)

present the case to the jury, the County only asks Plaintiff to identify the claims he is asserting now and provide the factual basis for them.

Presumably, this information exists. Federal Rule of Civil Procedure 11 indicates that by presenting a pleading to the court, the party and their attorney represent, among other things, that "the claims … and other legal contentions are warranted by existing law …" and "the factual contentions have evidentiary support." The rule "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. … the standard is one of reasonableness … [and] is more stringent than … good faith … ."[75]

In accordance with Rule 11 then, when Plaintiff filed this lawsuit, he represented to the Court that he had identified legal claims that he believed the County violated and had factual support for those allegations. So, for example, when Plaintiff asserted that the County violated the Reporting of Maltreatment of Minors Act, he represented to the Court that he had a provision or provisions in mind that he believed the County violated and that he had factual support for those allegations. Plaintiff must now provide that information to the County in response to these interrogatories

Plaintiff cannot hide behind the fact that he intends to have his expert(s) opine on some of these issues. The reason is, again, Rule 11. In accordance with Rule 11, for example, when Plaintiff alleged that the County breached a duty for his negligence claim, Plaintiff represented to the court that he knew the standard of care and had factual support that the County breached that duty. If Plaintiff is now alleging that he needs to wait until his expert disclosures to disclose the standard of care and explain how that standard was violated, he has violated Rule 11. Plaintiff should have obtained this information before filing suit. It would be extremely troubling if Plaintiff does not have this information now.

This answer also improperly relies on Federal Rule of Civil Procedure 33(d) by referring the County to the voluminous documents attached to the complaint.

---

[75] Fed. R. Civ. P. 11, 1983 Committee Comment.

The burden of deriving or ascertaining the answer must be substantially the same for both parties to invoke Rule 33(d).[76] Courts have recognized that parties invoking Rule 33 "have a distinct advantage in the compilation of the requested information because of [their] intrinsic familiarity with" the documents."[77] Because of this, "the burdens of ascertaining the requested information" are often not equal given the producing parties' "familiarity with its records and methods of organization…"[78]  Plaintiff drafted the complaint and in pleading negligence, inherently alleged the Decedent's death was foreseeable.  Plaintiff needs to identify that evidence and if it exists in the documents, Plaintiff knows where the information can be found and must point the county to it.

Additionally, Rule 33(d) requires that the records be "business records."  There is no evidence that the documents are Plaintiff's business records.  Even so, the party relying on the business records must specify the records from which the answer can be derived.[79]  The rule "is not satisfied by the wholesale dumping of documents."[80]  Rather, Rule 33.03 requires the responding party "to specify the records from which the answer may be derived or ascertained." "[I]n order to comply with the Rule, the Plaintiffs may not simply refer generically to past or future production of documents they must identify in their answers to the interrogatories specifically which documents contain the answer."[81] Here, Plaintiff did nothing of the sort, and instead simply referred the County to documents "… *en masse*, without specifying particular documents …," which courts have found to be an abuse of the option provided by Rule 33.[82]

---

[76] *Tekstar Commc'ns, Inc.,* 2009 WL 10711788 at *12.

[77] *Id.*

[78] *Id.*

[79] *Id.*

[80] *Aviva Sports, Inc., v. Fingerhut Direct Marketing, Inc.,* No. 09-1091 (JNE/JSM), 2012 WL 12895643 at *17 (D. Minn. Jan. 3, 2012).

[81] *Soyring v. Fehr,* No. 05-1900 (ADM/RLE), 2006 WL 8443344 at *2 (D. Minn. March 16, 2006).

[82] *Aviva Sports,* 2012 WL 12895643 at *17 (internal citations and quotations omitted) (emphasis added).

      o <u>Expectation</u>:  Answer the interrogatory.

- **Interrogatory 38**: If you contend that Beth Dehner was negligent in any fashion not already described herein describe in detail, and not in summary fashion, the factual basis for your contention.

      o <u>Answer</u>:  Same quantity objection as in interrogatory answer 35. Objection. Contention interrogatories are premature at this stage of litigation. Plaintiff is still diligently reviewing Defendant's voluminous production of documents. In addition, Plaintiff intends to disclose expert opinions on liability by the deadline set for expert disclosures in the Court's scheduling order. Subject to the objection, the County's acts of negligence are identified in the Plaintiff's Complaint and accompanying Exhibits to the extent they are currently known. Investigation and discovery continue. Plaintiff reserves the right to supplement this response.

      o <u>Deficiency</u>:  Your objection to the total number of interrogatories is without merit.  The interrogatories totaled 48, not more than the 50 allowed as you complain.  Rule 33 of the Federal Rules of Civil Procedure provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."[83] "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that interrogatory subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question."[84]  "[I]f a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory, no matter how it is designated."[85]

      Here, the Court allowed 50 written interrogatories, but the County only served 48. While some of them included subparts, those subparts were subsumed by and related to the primary question and were not

---

[83] Fed. R. Civ. P. 33(a)(1) (2023).

[84] *In re: Activated Carbon-Based Hunting Clothing Mktg. & Sales Pracs. Litig.*, No. 09-MD-2059 (RHK/JJK), 2009 WL 10659390, at *2 (D. Minn. Sept. 22, 2009)

[85] *Id.*

a line of inquiry that was separate and distinct from the primary question, so they only count as one interrogatory.

The interrogatories are not "premature." "Although courts often allow parties to wait until the end of discovery to answer contention interrogatories,… [d]efendants may discover the basis for … initial allegations at this stage of the litigation, even if it is not the full universe of facts that ultimately are offered in support of the allegation at trial."[86]  This is all the County is seeking at this time.  While the County is cognizant that discovery is in the early stages and Plaintiff does not know the exact manner in which he will present the case to the jury, the County only asks Plaintiff to identify the claims he is asserting now and provide the factual basis for them.

Presumably, this information exists. Federal Rule of Civil Procedure 11 indicates that by presenting a pleading to the court, the party and their attorney represent, among other things, that "the claims … and other legal contentions are warranted by existing law …" and "the factual contentions have evidentiary support."  The rule "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. … the standard is one of reasonableness … [and] is more stringent than … good faith … ."[87]

In accordance with Rule 11 then, when Plaintiff filed this lawsuit, he represented to the Court that he had identified legal claims that he believed the County violated and had factual support for those allegations. So, for example, when Plaintiff asserted that the County violated the Reporting of Maltreatment of Minors Act, he represented to the Court that he had a provision or provisions in mind that he believed the County violated and that he had factual support for those allegations.   Plaintiff must now provide that information to the County in response to these interrogatories

Plaintiff cannot hide behind the fact that he intends to have his expert(s) opine on some of these issues. The reason is, again, Rule 11. In accordance with Rule 11, for example, when Plaintiff alleged that

---

[86] *United States v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 1453063, at *2 (D. Minn. Apr. 2, 2019), *aff'd sub nom. United States ex rel. Fesenmaier v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 3245003 (D. Minn. July 19, 2019)

[87] Fed. R. Civ. P. 11, 1983 Committee Comment.

the County breached a duty for his negligence claim, Plaintiff represented to the court that he knew the standard of care and had factual support that the County breached that duty. If Plaintiff is now alleging that he needs to wait until his expert disclosures to disclose the standard of care and explain how that standard was violated, he has violated Rule 11. Plaintiff should have obtained this information before filing suit. It would be extremely troubling if Plaintiff does not have this information now.

This answer also improperly relies on Federal Rule of Civil Procedure 33(d) by referring the County to the voluminous documents attached to the complaint.

The burden of deriving or ascertaining the answer must be substantially the same for both parties to invoke Rule 33(d).[88] Courts have recognized that parties invoking Rule 33 "have a distinct advantage in the compilation of the requested information because of [their] intrinsic familiarity with" the documents."[89] Because of this, "the burdens of ascertaining the requested information" are often not equal given the producing parties' "familiarity with its records and methods of organization…"[90] Plaintiff drafted the complaint and in pleading negligence, inherently alleged the Decedent's death was foreseeable. Plaintiff needs to identify that evidence and if it exists in the documents, Plaintiff knows where the information can be found and must point the county to it.

Additionally, Rule 33(d) requires that the records be "business records." There is no evidence that the documents are Plaintiff's business records. Even so, the party relying on the business records must specify the records from which the answer can be derived.[91] The rule "is not satisfied by the wholesale dumping of documents."[92] Rather, Rule 33.03 requires the responding party "to specify the records from which the answer may be derived or ascertained." "[I]n

---

[88] *Tekstar Commc'ns, Inc.,* 2009 WL 10711788 at \*12.

[89] *Id.*

[90] *Id.*

[91] *Id.*

[92] *Aviva Sports, Inc., v. Fingerhut Direct Marketing, Inc.,* No. 09-1091 (JNE/JSM), 2012 WL 12895643 at \*17 (D. Minn. Jan. 3, 2012).

order to comply with the Rule, the Plaintiffs may not simply refer generically to past or future production of documents they must identify in their answers to the interrogatories specifically which documents contain the answer."[93] Here, Plaintiff did nothing of the sort, and instead simply referred the County to documents "… *en masse*, without specifying particular documents …," which courts have found to be an abuse of the option provided by Rule 33.[94]

- o <u>Expectation</u>:  Answer the interrogatory.

- **Interrogatory 39**: If you contend that Jennifer Streefland was negligent in any fashion not already described herein describe in detail, and not in summary fashion, the factual basis for your contention.

  - o <u>Answer</u>:  Same quantity objection as in interrogatory answer 35. Objection. Contention interrogatories are premature at this stage of litigation. Plaintiff is still diligently reviewing Defendant's voluminous production of documents. In addition, Plaintiff intends to disclose expert opinions on liability by the deadline set for expert disclosures in the Court's scheduling order. Subject to the objection, the County's acts of negligence are identified in the Plaintiff's Complaint and accompanying Exhibits to the extent they are currently known. Investigation and discovery continue. Plaintiff reserves the right to supplement this response.

  - o <u>Deficiency</u>:  Your objection to the total number of interrogatories is without merit.  The interrogatories totaled 48, not more than the 50 allowed as you complain.  Rule 33 of the Federal Rules of Civil Procedure provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."[95] "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that interrogatory subparts are to be counted as one interrogatory if they are logically or factually subsumed within and

---

[93] *Soyring v. Fehr,* No. 05-1900 (ADM/RLE), 2006 WL 8443344 at *2 (D. Minn. March 16, 2006).

[94] *Aviva Sports,* 2012 WL 12895643 at *17 (internal citations and quotations omitted) (emphasis added).

[95] Fed. R. Civ. P. 33(a)(1) (2023).

necessarily related to the primary question."[96]   "[I]f a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory, no matter how it is designated."[97]

Here, the Court allowed 50 written interrogatories, but the County only served 48.  While some of them included subparts, those subparts were subsumed by and related to the primary question and were not a line of inquiry that was separate and distinct from the primary question, so they only count as one interrogatory.

The interrogatories are not "premature."  "Although courts often allow parties to wait until the end of discovery to answer contention interrogatories,… [d]efendants may discover the basis for … initial allegations at this stage of the litigation, even if it is not the full universe of facts that ultimately are offered in support of the allegation at trial."[98]  This is all the County is seeking at this time.  While the County is cognizant that discovery is in the early stages and Plaintiff does not know the exact manner in which he will present the case to the jury, the County only asks Plaintiff to identify the claims he is asserting now and provide the factual basis for them.

Presumably, this information exists. Federal Rule of Civil Procedure 11 indicates that by presenting a pleading to the court, the party and their attorney represent, among other things, that "the claims … and other legal contentions are warranted by existing law …" and "the factual contentions have evidentiary support."  The rule "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. … the standard is one of reasonableness … [and] is more stringent than … good faith … ."[99]

---

[96] *In re: Activated Carbon-Based Hunting Clothing Mktg. & Sales Pracs. Litig.*, No. 09-MD-2059 (RHK/JJK), 2009 WL 10659390, at *2 (D. Minn. Sept. 22, 2009)

[97] *Id.*

[98] *United States v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 1453063, at *2 (D. Minn. Apr. 2, 2019), *aff'd sub nom. United States ex rel. Fesenmaier v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 3245003 (D. Minn. July 19, 2019)

[99] Fed. R. Civ. P. 11, 1983 Committee Comment.

In accordance with Rule 11 then, when Plaintiff filed this lawsuit, he represented to the Court that he had identified legal claims that he believed the County violated and had factual support for those allegations. So, for example, when Plaintiff asserted that the County violated the Reporting of Maltreatment of Minors Act, he represented to the Court that he had a provision or provisions in mind that he believed the County violated and that he had factual support for those allegations.   Plaintiff must now provide that information to the County in response to these interrogatories

Plaintiff cannot hide behind the fact that he intends to have his expert(s) opine on some of these issues.  The reason is, again, Rule 11. In accordance with Rule 11, for example, when Plaintiff alleged that the County breached a duty for his negligence claim, Plaintiff represented to the court that he knew the standard of care and had factual support that the County breached that duty.  If Plaintiff is now alleging that he needs to wait until his expert disclosures to disclose the standard of care and explain how that standard was violated, he has violated Rule 11.  Plaintiff should have obtained this information before filing suit.  It would be extremely troubling if Plaintiff does not have this information now.

This answer also improperly relies on Federal Rule of Civil Procedure 33(d) by referring the County to the voluminous documents attached to the complaint.

The burden of deriving or ascertaining the answer must be substantially the same for both parties to invoke Rule 33(d).[100] Courts have recognized that parties invoking Rule 33 "have a distinct advantage in the compilation of the requested information because of [their] intrinsic familiarity with" the documents."[101] Because of this, "the burdens of ascertaining the requested information" are often not equal given the producing parties' "familiarity with its records and methods of organization…"[102]  Plaintiff drafted the complaint and in pleading negligence, inherently alleged the Decedent's death was foreseeable.  Plaintiff needs to identify that evidence and if it exists

---

[100] *Tekstar Commc'ns, Inc.,* 2009 WL 10711788 at *12.

[101] *Id.*

[102] *Id.*

in the documents, Plaintiff knows where the information can be found and must point the county to it.

Additionally, Rule 33(d) requires that the records be "business records." There is no evidence that the documents are Plaintiff's business records. Even so, the party relying on the business records must specify the records from which the answer can be derived.[103] The rule "is not satisfied by the wholesale dumping of documents."[104] Rather, Rule 33.03 requires the responding party "to specify the records from which the answer may be derived or ascertained." "[I]n order to comply with the Rule, the Plaintiffs may not simply refer generically to past or future production of documents they must identify in their answers to the interrogatories specifically which documents contain the answer."[105] Here, Plaintiff did nothing of the sort, and instead simply referred the County to documents "… *en masse*, without specifying particular documents …," which courts have found to be an abuse of the option provided by Rule 33.[106]

- o <u>Expectation</u>:  Answer the interrogatory.

- **Interrogatory 41**: If you contend that Decedent's death was foreseeable, describe in detail, and not in summary fashion, the factual basis for your contention.

  - o <u>Answer</u>: Same quantity objection as in interrogatory answer 35. Objection. Contention interrogatories are premature at this stage of litigation. Object to the extent the interrogatory incorrectly presupposes the particular mechanism of injury must be foreseeable. Subject to the objections, ███████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████████████. Plaintiff will

---

[103] *Id.*

[104] *Aviva Sports, Inc., v. Fingerhut Direct Marketing, Inc.,* No. 09-1091 (JNE/JSM), 2012 WL 12895643 at *17 (D. Minn. Jan. 3, 2012).

[105] *Soyring v. Fehr,* No. 05-1900 (ADM/RLE), 2006 WL 8443344 at *2 (D. Minn. March 16, 2006).

[106] *Aviva Sports,* 2012 WL 12895643 at *17 (internal citations and quotations omitted) (emphasis added).

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 36 of 60

supplement this answer with applicable expert opinions by the time required by the Court's scheduling order. Plaintiff further identifies pursuant to Fed. R. Civ. P. 33(d) that the Exhibits to the Complaint show foreseeability of physical harm to Decedent. Discovery and investigation continue.

o   <u>Deficiency</u>:  Your objection to the total number of interrogatories is without merit.  The interrogatories totaled 48, not more than the 50 allowed as you complain.   Rule 33 of the Federal Rules of Civil Procedure provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."[107] "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that interrogatory subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question."[108]  "[I]f a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory, no matter how it is designated."[109]

Here, the Court allowed 50 written interrogatories, but the County only served 48. While some of them included subparts, those subparts were subsumed by and related to the primary question and were not a line of inquiry that was separate and distinct from the primary question, so they only count as one interrogatory.

The interrogatories are not "premature." "Although courts often allow parties to wait until the end of discovery to answer contention interrogatories,… [d]efendants may discover the basis for … initial allegations at this stage of the litigation, even if it is not the full universe of facts that ultimately are offered in support of the allegation at trial."[110]  This is all the County is seeking at this

---

[107] Fed. R. Civ. P. 33(a)(1) (2023).

[108] *In re: Activated Carbon-Based Hunting Clothing Mktg. & Sales Pracs. Litig.*, No. 09-MD-2059 (RHK/JJK), 2009 WL 10659390, at *2 (D. Minn. Sept. 22, 2009)

[109] *Id.*

[110] *United States v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 1453063, at *2 (D. Minn. Apr. 2, 2019), *aff'd sub nom. United States ex rel. Fesenmaier v.*

time. While the County is cognizant that discovery is in the early stages and Plaintiff does not know the exact manner in which he will present the case to the jury, the County only asks Plaintiff to identify the claims he is asserting now and provide the factual basis for them.

Presumably, this information exists. Federal Rule of Civil Procedure 11 indicates that by presenting a pleading to the court, the party and their attorney represent, among other things, that "the claims … and other legal contentions are warranted by existing law …" and "the factual contentions have evidentiary support." The rule "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. … the standard is one of reasonableness … [and] is more stringent than … good faith … ."[111]

In accordance with Rule 11 then, when Plaintiff filed this lawsuit, he represented to the Court that he had identified legal claims that he believed the County violated and had factual support for those allegations. So, for example, when Plaintiff asserted that the County violated the Reporting of Maltreatment of Minors Act, he represented to the Court that he had a provision or provisions in mind that he believed the County violated and that he had factual support for those allegations. Plaintiff must now provide that information to the County in response to these interrogatories

Plaintiff cannot hide behind the fact that he intends to have his expert(s) opine on some of these issues. The reason is, again, Rule 11. In accordance with Rule 11, for example, when Plaintiff alleged that the County breached a duty for his negligence claim, Plaintiff represented to the court that he knew the standard of care and had factual support that the County breached that duty. If Plaintiff is now alleging that he needs to wait until his expert disclosures to disclose the standard of care and explain how that standard was violated, he has violated Rule 11. Plaintiff should have obtained this information before filing suit. It would be extremely troubling if Plaintiff does not have this information now.

---

*Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 3245003 (D. Minn. July 19, 2019)

[111] Fed. R. Civ. P. 11, 1983 Committee Comment.

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 38 of 60

This answer also improperly relies on Federal Rule of Civil Procedure 33(d) by referring the County to the voluminous documents attached to the complaint.

The burden of deriving or ascertaining the answer must be substantially the same for both parties to invoke Rule 33(d).[112] Courts have recognized that parties invoking Rule 33 "have a distinct advantage in the compilation of the requested information because of [their] intrinsic familiarity with" the documents."[113] Because of this, "the burdens of ascertaining the requested information" are often not equal given the producing parties' "familiarity with its records and methods of organization…"[114] Plaintiff drafted the complaint and in pleading negligence, inherently alleged the Decedent's death was foreseeable. Plaintiff needs to identify that evidence and if it exists in the documents, Plaintiff knows where the information can be found and must point the county to it.

Additionally, Rule 33(d) requires that the records be "business records." There is no evidence that the documents are Plaintiff's business records. Even so, the party relying on the business records must specify the records from which the answer can be derived.[115] The rule "is not satisfied by the wholesale dumping of documents."[116] Rather, Rule 33.03 requires the responding party "to specify the records from which the answer may be derived or ascertained." "[I]n order to comply with the Rule, the Plaintiffs may not simply refer generically to past or future production of documents they must identify in their answers to the interrogatories specifically which documents contain the answer."[117] Here, Plaintiff did nothing of the sort, and instead simply referred the County to documents "… *en*

---

[112] *Tekstar Commc'ns, Inc.,* 2009 WL 10711788 at *12.

[113] *Id.*

[114] *Id.*

[115] *Id.*

[116] *Aviva Sports, Inc., v. Fingerhut Direct Marketing, Inc.,* No. 09-1091 (JNE/JSM), 2012 WL 12895643 at *17 (D. Minn. Jan. 3, 2012).

[117] *Soyring v. Fehr,* No. 05-1900 (ADM/RLE), 2006 WL 8443344 at *2 (D. Minn. March 16, 2006).

*masse*, without specifying particular documents …," which courts have found to be an abuse of the option provided by Rule 33.[118]

o <u>Expectation</u>:  Answer the interrogatory.

- **Interrogatory 42**: If you contend that the County, Beth Dehner, or Jennifer Streefland should have anticipated or expected Decedent's alleged murder and death, describe in detail, and not in summary fashion, the factual basis for your allegation.

    o <u>Answer</u>: Same quantity objection as in interrogatory answer 35. Objection. Contention interrogatories are premature at this stage of litigation. Object to the extent the interrogatory incorrectly presupposes the particular mechanism of injury must be foreseeable. Subject to the objections, see interrogatory answer 41.

    o <u>Deficiency</u>:  Your objection to the total number of interrogatories is without merit.  The interrogatories totaled 48, not more than the 50 allowed as you complain.   Rule 33 of the Federal Rules of Civil Procedure provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."[119] "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that interrogatory subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question."[120]  "[I]f a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory, no matter how it is designated."[121]

    Here, the Court allowed 50 written interrogatories, but the County only served 48.  While some of them included subparts, those subparts were subsumed by and related to the primary question and were not

---

[118] *Aviva Sports,* 2012 WL 12895643 at *17 (internal citations and quotations omitted) (emphasis added).

[119] Fed. R. Civ. P. 33(a)(1) (2023).

[120] *In re: Activated Carbon-Based Hunting Clothing Mktg. & Sales Pracs. Litig.*, No. 09-MD-2059 (RHK/JJK), 2009 WL 10659390, at *2 (D. Minn. Sept. 22, 2009)

[121] *Id.*

a line of inquiry that was separate and distinct from the primary question, so they only count as one interrogatory.

The interrogatories are not "premature." "Although courts often allow parties to wait until the end of discovery to answer contention interrogatories,… [d]efendants may discover the basis for … initial allegations at this stage of the litigation, even if it is not the full universe of facts that ultimately are offered in support of the allegation at trial."[122]  This is all the County is seeking at this time.  While the County is cognizant that discovery is in the early stages and Plaintiff does not know the exact manner in which he will present the case to the jury, the County only asks Plaintiff to identify the claims he is asserting now and provide the factual basis for them.

Presumably, this information exists. Federal Rule of Civil Procedure 11 indicates that by presenting a pleading to the court, the party and their attorney represent, among other things, that "the claims … and other legal contentions are warranted by existing law …" and "the factual contentions have evidentiary support."  The rule "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. … the standard is one of reasonableness … [and] is more stringent than … good faith … ."[123]

In accordance with Rule 11 then, when Plaintiff filed this lawsuit, he represented to the Court that he had identified legal claims that he believed the County violated and had factual support for those allegations. So, for example, when Plaintiff asserted that the County violated the Reporting of Maltreatment of Minors Act, he represented to the Court that he had a provision or provisions in mind that he believed the County violated and that he had factual support for those allegations.   Plaintiff must now provide that information to the County in response to these interrogatories

Plaintiff cannot hide behind the fact that he intends to have his expert(s) opine on some of these issues. The reason is, again, Rule 11. In accordance with Rule 11, for example, when Plaintiff alleged that

---

[122] *United States v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 1453063, at *2 (D. Minn. Apr. 2, 2019), *aff'd sub nom. United States ex rel. Fesenmaier v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 3245003 (D. Minn. July 19, 2019)

[123] Fed. R. Civ. P. 11, 1983 Committee Comment.

the County breached a duty for his negligence claim, Plaintiff represented to the court that he knew the standard of care and had factual support that the County breached that duty. If Plaintiff is now alleging that he needs to wait until his expert disclosures to disclose the standard of care and explain how that standard was violated, he has violated Rule 11. Plaintiff should have obtained this information before filing suit. It would be extremely troubling if Plaintiff does not have this information now.

This answer also improperly relies on Federal Rule of Civil Procedure 33(d) by referring the County to the voluminous documents attached to the complaint.

The burden of deriving or ascertaining the answer must be substantially the same for both parties to invoke Rule 33(d).[124] Courts have recognized that parties invoking Rule 33 "have a distinct advantage in the compilation of the requested information because of [their] intrinsic familiarity with" the documents."[125] Because of this, "the burdens of ascertaining the requested information" are often not equal given the producing parties' "familiarity with its records and methods of organization…"[126] Plaintiff drafted the complaint and in pleading negligence, inherently alleged the Decedent's death was foreseeable. Plaintiff needs to identify that evidence and if it exists in the documents, Plaintiff knows where the information can be found and must point the county to it.

Additionally, Rule 33(d) requires that the records be "business records." There is no evidence that the documents are Plaintiff's business records. Even so, the party relying on the business records must specify the records from which the answer can be derived.[127] The rule "is not satisfied by the wholesale dumping of documents."[128] Rather, Rule 33.03 requires the responding party "to specify the records from which the answer may be derived or ascertained." "[I]n

---

[124] *Tekstar Commc'ns, Inc.,* 2009 WL 10711788 at *12.

[125] *Id.*

[126] *Id.*

[127] *Id.*

[128] *Aviva Sports, Inc., v. Fingerhut Direct Marketing, Inc.,* No. 09-1091 (JNE/JSM), 2012 WL 12895643 at *17 (D. Minn. Jan. 3, 2012).

order to comply with the Rule, the Plaintiffs may not simply refer generically to past or future production of documents they must identify in their answers to the interrogatories specifically which documents contain the answer."[129] Here, Plaintiff did nothing of the sort, and instead simply referred the County to documents "… *en masse*, without specifying particular documents …," which courts have found to be an abuse of the option provided by Rule 33.[130]

- o  <u>Expectation</u>:  Answer the interrogatory.

- **Interrogatory 43**: ████████████████████████████
  ████████████████████████████
  ████████████████████

  - o  <u>Answer</u>: Same quantity objection as in interrogatory answer 35. Objection. Contention interrogatories are premature at this stage of litigation. Subject to the objection, Plaintiff is still diligently reviewing Defendant's voluminous production of documents. Investigation and discovery continue. Plaintiff reserves the right to supplement this response.

  - o  <u>Deficiency</u>:  Your objection to the total number of interrogatories is without merit.  The interrogatories totaled 48, not more than the 50 allowed as you complain.  Rule 33 of the Federal Rules of Civil Procedure provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."[131] "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that interrogatory subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question."[132]  "[I]f a subpart of an interrogatory introduces a line of inquiry that is separate and distinct

---

[129] *Soyring v. Fehr,* No. 05-1900 (ADM/RLE), 2006 WL 8443344 at *2 (D. Minn. March 16, 2006).

[130] *Aviva Sports,* 2012 WL 12895643 at *17 (internal citations and quotations omitted) (emphasis added).

[131] Fed. R. Civ. P. 33(a)(1) (2023).

[132] *In re: Activated Carbon-Based Hunting Clothing Mktg. & Sales Pracs. Litig.*, No. 09-MD-2059 (RHK/JJK), 2009 WL 10659390, at *2 (D. Minn. Sept. 22, 2009)

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 43 of 60

from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory, no matter how it is designated."[133]

Here, the Court allowed 50 written interrogatories, but the County only served 48. While some of them included subparts, those subparts were subsumed by and related to the primary question and were not a line of inquiry that was separate and distinct from the primary question, so they only count as one interrogatory.

The interrogatories are not "premature." "Although courts often allow parties to wait until the end of discovery to answer contention interrogatories,… [d]efendants may discover the basis for … initial allegations at this stage of the litigation, even if it is not the full universe of facts that ultimately are offered in support of the allegation at trial."[134] This is all the County is seeking at this time. While the County is cognizant that discovery is in the early stages and Plaintiff does not know the exact manner in which he will present the case to the jury, the County only asks Plaintiff to identify the claims he is asserting now and provide the factual basis for them.

Presumably, this information exists. Federal Rule of Civil Procedure 11 indicates that by presenting a pleading to the court, the party and their attorney represent, among other things, that "the claims … and other legal contentions are warranted by existing law …" and "the factual contentions have evidentiary support." The rule "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. … the standard is one of reasonableness … [and] is more stringent than … good faith … ."[135]

In accordance with Rule 11 then, when Plaintiff filed this lawsuit, he represented to the Court that he had identified legal claims that he believed the County violated and had factual support for those allegations. So, for example, when Plaintiff asserted that the County

---

[133] *Id.*

[134] *United States v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 1453063, at *2 (D. Minn. Apr. 2, 2019), *aff'd sub nom. United States ex rel. Fesenmaier v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 3245003 (D. Minn. July 19, 2019)

[135] Fed. R. Civ. P. 11, 1983 Committee Comment.

violated the Reporting of Maltreatment of Minors Act, he represented to the Court that he had a provision or provisions in mind that he believed the County violated and that he had factual support for those allegations. Plaintiff must now provide that information to the County in response to these interrogatories

- o  <u>Expectation</u>:  Answer the interrogatory.

- **Interrogatory 44**: ███████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████████████

- o  <u>Answer</u>:  Same quantity objection as in interrogatory answer 35. Object that contention interrogatories are premature at this stage of litigation. Subject to the objections, see interrogatory answer 41. Investigation and discovery continue. Plaintiff reserves the right to supplement this response.

- o  <u>Deficiency</u>:  Your objection to the total number of interrogatories is without merit.  The interrogatories totaled 48, not more than the 50 allowed as you complain.  Rule 33 of the Federal Rules of Civil Procedure provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."[136] "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that interrogatory subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question."[137]  "[I]f a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory, no matter how it is designated."[138]

Here, the Court allowed 50 written interrogatories, but the County only served 48.  While some of them included subparts, those subparts

---

[136] Fed. R. Civ. P. 33(a)(1) (2023).

[137] *In re: Activated Carbon-Based Hunting Clothing Mktg. & Sales Pracs. Litig.*, No. 09-MD-2059 (RHK/JJK), 2009 WL 10659390, at *2 (D. Minn. Sept. 22, 2009)

[138] *Id.*

were subsumed by and related to the primary question and were not a line of inquiry that was separate and distinct from the primary question, so they only count as one interrogatory.

The interrogatories are not "premature." "Although courts often allow parties to wait until the end of discovery to answer contention interrogatories,… [d]efendants may discover the basis for … initial allegations at this stage of the litigation, even if it is not the full universe of facts that ultimately are offered in support of the allegation at trial."[139]  This is all the County is seeking at this time.  While the County is cognizant that discovery is in the early stages and Plaintiff does not know the exact manner in which he will present the case to the jury, the County only asks Plaintiff to identify the claims he is asserting now and provide the factual basis for them.

Presumably, this information exists. Federal Rule of Civil Procedure 11 indicates that by presenting a pleading to the court, the party and their attorney represent, among other things, that "the claims … and other legal contentions are warranted by existing law …" and "the factual contentions have evidentiary support."  The rule "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. … the standard is one of reasonableness … [and] is more stringent than … good faith … ."[140]

In accordance with Rule 11 then, when Plaintiff filed this lawsuit, he represented to the Court that he had identified legal claims that he believed the County violated and had factual support for those allegations. So, for example, when Plaintiff asserted that the County violated the Reporting of Maltreatment of Minors Act, he represented to the Court that he had a provision or provisions in mind that he believed the County violated and that he had factual support for those allegations.  Plaintiff must now provide that information to the County in response to these interrogatories

Plaintiff cannot hide behind the fact that he intends to have his expert(s) opine on some of these issues.  The reason is, again, Rule 11.

---

[139] *United States v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 1453063, at *2 (D. Minn. Apr. 2, 2019), *aff'd sub nom. United States ex rel. Fesenmaier v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 3245003 (D. Minn. July 19, 2019)

[140] Fed. R. Civ. P. 11, 1983 Committee Comment.

In accordance with Rule 11, for example, when Plaintiff alleged that the County breached a duty for his negligence claim, Plaintiff represented to the court that he knew the standard of care and had factual support that the County breached that duty. If Plaintiff is now alleging that he needs to wait until his expert disclosures to disclose the standard of care and explain how that standard was violated, he has violated Rule 11. Plaintiff should have obtained this information before filing suit. It would be extremely troubling if Plaintiff does not have this information now.

This answer also improperly relies on Federal Rule of Civil Procedure 33(d) by referring the County to the voluminous documents attached to the complaint.

The burden of deriving or ascertaining the answer must be substantially the same for both parties to invoke Rule 33(d).[141] Courts have recognized that parties invoking Rule 33 "have a distinct advantage in the compilation of the requested information because of [their] intrinsic familiarity with" the documents."[142] Because of this, "the burdens of ascertaining the requested information" are often not equal given the producing parties' "familiarity with its records and methods of organization…"[143] Plaintiff drafted the complaint and in pleading negligence, inherently alleged the Decedent's death was foreseeable. Plaintiff needs to identify that evidence and if it exists in the documents, Plaintiff knows where the information can be found and must point the county to it.

Additionally, Rule 33(d) requires that the records be "business records." There is no evidence that the documents are Plaintiff's business records. Even so, the party relying on the business records must specify the records from which the answer can be derived.[144] The rule "is not satisfied by the wholesale dumping of documents."[145] Rather, Rule 33.03 requires the responding party "to specify the

---

[141] *Tekstar Commc'ns, Inc.,* 2009 WL 10711788 at *12.

[142] *Id.*

[143] *Id.*

[144] *Id.*

[145] *Aviva Sports, Inc., v. Fingerhut Direct Marketing, Inc.,* No. 09-1091 (JNE/JSM), 2012 WL 12895643 at *17 (D. Minn. Jan. 3, 2012).

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 47 of 60

records from which the answer may be derived or ascertained." "[I]n order to comply with the Rule, the Plaintiffs may not simply refer generically to past or future production of documents they must identify in their answers to the interrogatories specifically which documents contain the answer."[146] Here, Plaintiff did nothing of the sort, and instead simply referred the County to documents "… *en masse*, without specifying particular documents …," which courts have found to be an abuse of the option provided by Rule 33.[147]

    o  <u>Expectation</u>:  Answer the interrogatory.

- **Interrogatory 45**: If you contend that the County, Beth Dehner, or Jennifer Streefland could have indicated Decedent's alleged murder, describe in detail, and not in summary fashion, the facts that you contend should have caused them to anticipate the event.

    o  <u>Answer</u>: Same quantity objection as in interrogatory answer 35. Object that "indicated Decedent's alleged murder" is incomprehensible.  Object to the extent the interrogatory incorrectly presupposes the particular mechanism of injury must be foreseeable. Object that contention interrogatories are premature at this stage of litigation. Subject to the objections, see interrogatory answer 41. Investigation and discovery continue. Plaintiff reserves the right to supplement this response.

    o  <u>Deficiency</u>:  Your objection to the total number of interrogatories is without merit.  The interrogatories totaled 48, not more than the 50 allowed as you complain.  Rule 33 of the Federal Rules of Civil Procedure provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."[148] "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that interrogatory subparts are to be counted as one interrogatory if they are logically or factually subsumed within and

---

[146] *Soyring v. Fehr,* No. 05-1900 (ADM/RLE), 2006 WL 8443344 at *2 (D. Minn. March 16, 2006).

[147] *Aviva Sports,* 2012 WL 12895643 at *17 (internal citations and quotations omitted) (emphasis added).

[148] Fed. R. Civ. P. 33(a)(1) (2023).

necessarily related to the primary question."[149]  "[I]f a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory, no matter how it is designated."[150]

Here, the Court allowed 50 written interrogatories, but the County only served 48.  While some of them included subparts, those subparts were subsumed by and related to the primary question and were not a line of inquiry that was separate and distinct from the primary question, so they only count as one interrogatory.

The interrogatories are not "premature."  "Although courts often allow parties to wait until the end of discovery to answer contention interrogatories,… [d]efendants may discover the basis for … initial allegations at this stage of the litigation, even if it is not the full universe of facts that ultimately are offered in support of the allegation at trial."[151]  This is all the County is seeking at this time.  While the County is cognizant that discovery is in the early stages and Plaintiff does not know the exact manner in which he will present the case to the jury, the County only asks Plaintiff to identify the claims he is asserting now and provide the factual basis for them.

Presumably, this information exists. Federal Rule of Civil Procedure 11 indicates that by presenting a pleading to the court, the party and their attorney represent, among other things, that "the claims … and other legal contentions are warranted by existing law …" and "the factual contentions have evidentiary support."  The rule "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. … the standard is one of reasonableness … [and] is more stringent than … good faith … ."[152]

---

[149] *In re: Activated Carbon-Based Hunting Clothing Mktg. & Sales Pracs. Litig.*, No. 09-MD-2059 (RHK/JJK), 2009 WL 10659390, at *2 (D. Minn. Sept. 22, 2009)

[150] *Id.*

[151] *United States v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 1453063, at *2 (D. Minn. Apr. 2, 2019), *aff'd sub nom. United States ex rel. Fesenmaier v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 3245003 (D. Minn. July 19, 2019)

[152] Fed. R. Civ. P. 11, 1983 Committee Comment.

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 49 of 60

In accordance with Rule 11 then, when Plaintiff filed this lawsuit, he represented to the Court that he had identified legal claims that he believed the County violated and had factual support for those allegations. So, for example, when Plaintiff asserted that the County violated the Reporting of Maltreatment of Minors Act, he represented to the Court that he had a provision or provisions in mind that he believed the County violated and that he had factual support for those allegations.  Plaintiff must now provide that information to the County in response to these interrogatories

Plaintiff cannot hide behind the fact that he intends to have his expert(s) opine on some of these issues.  The reason is, again, Rule 11. In accordance with Rule 11, for example, when Plaintiff alleged that the County breached a duty for his negligence claim, Plaintiff represented to the court that he knew the standard of care and had factual support that the County breached that duty.  If Plaintiff is now alleging that he needs to wait until his expert disclosures to disclose the standard of care and explain how that standard was violated, he has violated Rule 11.  Plaintiff should have obtained this information before filing suit.  It would be extremely troubling if Plaintiff does not have this information now.

This answer also improperly relies on Federal Rule of Civil Procedure 33(d) by referring the County to the voluminous documents attached to the complaint.

The burden of deriving or ascertaining the answer must be substantially the same for both parties to invoke Rule 33(d).[153] Courts have recognized that parties invoking Rule 33 "have a distinct advantage in the compilation of the requested information because of [their] intrinsic familiarity with" the documents."[154] Because of this, "the burdens of ascertaining the requested information" are often not equal given the producing parties' "familiarity with its records and methods of organization…"[155]  Plaintiff drafted the complaint and in pleading negligence, inherently alleged the Decedent's death was foreseeable.  Plaintiff needs to identify that evidence and if it exists

---

[153] *Tekstar Commc'ns, Inc.,* 2009 WL 10711788 at *12.

[154] *Id.*

[155] *Id.*

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 50 of 60

in the documents, Plaintiff knows where the information can be found and must point the county to it.

Additionally, Rule 33(d) requires that the records be "business records." There is no evidence that the documents are Plaintiff's business records. Even so, the party relying on the business records must specify the records from which the answer can be derived.[156] The rule "is not satisfied by the wholesale dumping of documents."[157] Rather, Rule 33.03 requires the responding party "to specify the records from which the answer may be derived or ascertained." "[I]n order to comply with the Rule, the Plaintiffs may not simply refer generically to past or future production of documents they must identify in their answers to the interrogatories specifically which documents contain the answer."[158] Here, Plaintiff did nothing of the sort, and instead simply referred the County to documents "... *en masse*, without specifying particular documents ...," which courts have found to be an abuse of the option provided by Rule 33.[159]

- o <u>Expectation</u>: Answer the interrogatory.

- **Interrogatory 46**: If you contend that the County, Beth Dehner, or Jennifer Streefland could have prevented Decedent's death, describe in detail, and not in summary fashion, the factual basis for your contention.

  - o <u>Answer</u>: Same quantity objection as in interrogatory answer 35. Objection. Contention interrogatories are premature at this stage of litigation. Subject to the objections, see interrogatory answer 41. Investigation and discovery continue. Plaintiff reserves the right to supplement this response.

  - o <u>Deficiency</u>: Your objection to the total number of interrogatories is without merit. The interrogatories totaled 48, not more than the 50 allowed as you complain. Rule 33 of the Federal Rules of Civil

---

[156] *Id.*

[157] *Aviva Sports, Inc., v. Fingerhut Direct Marketing, Inc.,* No. 09-1091 (JNE/JSM), 2012 WL 12895643 at *17 (D. Minn. Jan. 3, 2012).

[158] *Soyring v. Fehr,* No. 05-1900 (ADM/RLE), 2006 WL 8443344 at *2 (D. Minn. March 16, 2006).

[159] *Aviva Sports,* 2012 WL 12895643 at *17 (internal citations and quotations omitted) (emphasis added).

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 51 of 60

Procedure provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."[160] "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that interrogatory subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question."[161]  "[I]f a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory, no matter how it is designated."[162]

Here, the Court allowed 50 written interrogatories, but the County only served 48.  While some of them included subparts, those subparts were subsumed by and related to the primary question and were not a line of inquiry that was separate and distinct from the primary question, so they only count as one interrogatory.

The interrogatories are not "premature."  "Although courts often allow parties to wait until the end of discovery to answer contention interrogatories,… [d]efendants may discover the basis for … initial allegations at this stage of the litigation, even if it is not the full universe of facts that ultimately are offered in support of the allegation at trial."[163]  This is all the County is seeking at this time.  While the County is cognizant that discovery is in the early stages and Plaintiff does not know the exact manner in which he will present the case to the jury, the County only asks Plaintiff to identify the claims he is asserting now and provide the factual basis for them.

Presumably, this information exists. Federal Rule of Civil Procedure 11 indicates that by presenting a pleading to the court, the party and their attorney represent, among other things, that "the claims … and

---

[160] Fed. R. Civ. P. 33(a)(1) (2023).

[161] *In re: Activated Carbon-Based Hunting Clothing Mktg. & Sales Pracs. Litig.*, No. 09-MD-2059 (RHK/JJK), 2009 WL 10659390, at *2 (D. Minn. Sept. 22, 2009)

[162] *Id.*

[163] *United States v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 1453063, at *2 (D. Minn. Apr. 2, 2019), *aff'd sub nom. United States ex rel. Fesenmaier v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 3245003 (D. Minn. July 19, 2019)

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 52 of 60

other legal contentions are warranted by existing law …" and "the factual contentions have evidentiary support."  The rule "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. … the standard is one of reasonableness … [and] is more stringent than … good faith … ."[164]

In accordance with Rule 11 then, when Plaintiff filed this lawsuit, he represented to the Court that he had identified legal claims that he believed the County violated and had factual support for those allegations. So, for example, when Plaintiff asserted that the County violated the Reporting of Maltreatment of Minors Act, he represented to the Court that he had a provision or provisions in mind that he believed the County violated and that he had factual support for those allegations.   Plaintiff must now provide that information to the County in response to these interrogatories

Plaintiff cannot hide behind the fact that he intends to have his expert(s) opine on some of these issues.  The reason is, again, Rule 11.  In accordance with Rule 11, for example, when Plaintiff alleged that the County breached a duty for his negligence claim, Plaintiff represented to the court that he knew the standard of care and had factual support that the County breached that duty.  If Plaintiff is now alleging that he needs to wait until his expert disclosures to disclose the standard of care and explain how that standard was violated, he has violated Rule 11.  Plaintiff should have obtained this information before filing suit.  It would be extremely troubling if Plaintiff does not have this information now.

This answer also improperly relies on Federal Rule of Civil Procedure 33(d) by referring the County to the voluminous documents attached to the complaint.

The burden of deriving or ascertaining the answer must be substantially the same for both parties to invoke Rule 33(d).[165] Courts have recognized that parties invoking Rule 33 "have a distinct advantage in the compilation of the requested information because of [their] intrinsic familiarity with" the documents."[166] Because of this,

---

[164] Fed. R. Civ. P. 11, 1983 Committee Comment.

[165] *Tekstar Commc'ns, Inc.,* 2009 WL 10711788 at *12.

[166] *Id.*

"the burdens of ascertaining the requested information" are often not equal given the producing parties' "familiarity with its records and methods of organization…"[167]  Plaintiff drafted the complaint and in pleading negligence, inherently alleged the Decedent's death was foreseeable.  Plaintiff needs to identify that evidence and if it exists in the documents, Plaintiff knows where the information can be found and must point the county to it.

Additionally, Rule 33(d) requires that the records be "business records."  There is no evidence that the documents are Plaintiff's business records.  Even so, the party relying on the business records must specify the records from which the answer can be derived.[168] The rule "is not satisfied by the wholesale dumping of documents."[169] Rather, Rule 33.03 requires the responding party "to specify the records from which the answer may be derived or ascertained." "[I]n order to comply with the Rule, the Plaintiffs may not simply refer generically to past or future production of documents they must identify in their answers to the interrogatories specifically which documents contain the answer."[170] Here, Plaintiff did nothing of the sort, and instead simply referred the County to documents "… *en masse*, without specifying particular documents …," which courts have found to be an abuse of the option provided by Rule 33.[171]

- o <u>Expectation</u>:  Answer the interrogatory.

- **Interrogatory 47**: If you contend that the County, Beth Dehner, or Jennifer Streefland did not act in good faith as it relates to their interactions with Decedent, describe in detail, and not in summary fashion, the factual basis for your contention.

---

[167] *Id.*

[168] *Id.*

[169] *Aviva Sports, Inc., v. Fingerhut Direct Marketing, Inc.,* No. 09-1091 (JNE/JSM), 2012 WL 12895643 at *17 (D. Minn. Jan. 3, 2012).

[170] *Soyring v. Fehr,* No. 05-1900 (ADM/RLE), 2006 WL 8443344 at *2 (D. Minn. March 16, 2006).

[171] *Aviva Sports,* 2012 WL 12895643 at *17 (internal citations and quotations omitted) (emphasis added).

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 54 of 60

- o <u>Answer</u>: Same quantity objection as in interrogatory answer 35. Objection. Contention interrogatories are premature at this stage of litigation. Subject to the objections, see interrogatory answer 41. Investigation and discovery continue.  Plaintiff reserves the right to supplement this response.

- o <u>Deficiency</u>:  Your objection to the total number of interrogatories is without merit.  The interrogatories totaled 48, not more than the 50 allowed as you complain.   Rule 33 of the Federal Rules of Civil Procedure provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."[172] "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that interrogatory subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question."[173]  "[I]f a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory, no matter how it is designated."[174]

  Here, the Court allowed 50 written interrogatories, but the County only served 48.  While some of them included subparts, those subparts were subsumed by and related to the primary question and were not a line of inquiry that was separate and distinct from the primary question, so they only count as one interrogatory.

  The interrogatories are not "premature."  "Although courts often allow parties to wait until the end of discovery to answer contention interrogatories,… [d]efendants may discover the basis for … initial allegations at this stage of the litigation, even if it is not the full universe of facts that ultimately are offered in support of the allegation at trial."[175]  This is all the County is seeking at this

---

[172] Fed. R. Civ. P. 33(a)(1) (2023).

[173] *In re: Activated Carbon-Based Hunting Clothing Mktg. & Sales Pracs. Litig.*, No. 09-MD-2059 (RHK/JJK), 2009 WL 10659390, at *2 (D. Minn. Sept. 22, 2009)

[174] *Id.*

[175] *United States v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 1453063, at *2 (D. Minn. Apr. 2, 2019), *aff'd sub nom. United States ex rel. Fesenmaier v.*

time.  While the County is cognizant that discovery is in the early stages and Plaintiff does not know the exact manner in which he will present the case to the jury, the County only asks Plaintiff to identify the claims he is asserting now and provide the factual basis for them.

Presumably, this information exists. Federal Rule of Civil Procedure 11 indicates that by presenting a pleading to the court, the party and their attorney represent, among other things, that "the claims … and other legal contentions are warranted by existing law …" and "the factual contentions have evidentiary support."  The rule "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. … the standard is one of reasonableness … [and] is more stringent than … good faith … ."[176]

In accordance with Rule 11 then, when Plaintiff filed this lawsuit, he represented to the Court that he had identified legal claims that he believed the County violated and had factual support for those allegations. So, for example, when Plaintiff asserted that the County violated the Reporting of Maltreatment of Minors Act, he represented to the Court that he had a provision or provisions in mind that he believed the County violated and that he had factual support for those allegations.  Plaintiff must now provide that information to the County in response to these interrogatories

Plaintiff cannot hide behind the fact that he intends to have his expert(s) opine on some of these issues.  The reason is, again, Rule 11. In accordance with Rule 11, for example, when Plaintiff alleged that the County breached a duty for his negligence claim, Plaintiff represented to the court that he knew the standard of care and had factual support that the County breached that duty.  If Plaintiff is now alleging that he needs to wait until his expert disclosures to disclose the standard of care and explain how that standard was violated, he has violated Rule 11.  Plaintiff should have obtained this information before filing suit.  It would be extremely troubling if Plaintiff does not have this information now.

---

*Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 3245003 (D. Minn. July 19, 2019)

[176] Fed. R. Civ. P. 11, 1983 Committee Comment.

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 56 of 60

This answer also improperly relies on Federal Rule of Civil Procedure 33(d) by referring the County to the voluminous documents attached to the complaint.

The burden of deriving or ascertaining the answer must be substantially the same for both parties to invoke Rule 33(d).[177] Courts have recognized that parties invoking Rule 33 "have a distinct advantage in the compilation of the requested information because of [their] intrinsic familiarity with" the documents."[178] Because of this, "the burdens of ascertaining the requested information" are often not equal given the producing parties' "familiarity with its records and methods of organization…"[179] Plaintiff drafted the complaint and in pleading negligence, inherently alleged the Decedent's death was foreseeable. Plaintiff needs to identify that evidence and if it exists in the documents, Plaintiff knows where the information can be found and must point the county to it.

Additionally, Rule 33(d) requires that the records be "business records." There is no evidence that the documents are Plaintiff's business records. Even so, the party relying on the business records must specify the records from which the answer can be derived.[180] The rule "is not satisfied by the wholesale dumping of documents."[181] Rather, Rule 33.03 requires the responding party "to specify the records from which the answer may be derived or ascertained." "[I]n order to comply with the Rule, the Plaintiffs may not simply refer generically to past or future production of documents they must identify in their answers to the interrogatories specifically which documents contain the answer."[182] Here, Plaintiff did nothing of the sort, and instead simply referred the County to documents "… *en*

---

[177] *Tekstar Commc'ns, Inc.,* 2009 WL 10711788 at *12.

[178] *Id.*

[179] *Id.*

[180] *Id.*

[181] *Aviva Sports, Inc., v. Fingerhut Direct Marketing, Inc.,* No. 09-1091 (JNE/JSM), 2012 WL 12895643 at *17 (D. Minn. Jan. 3, 2012).

[182] *Soyring v. Fehr,* No. 05-1900 (ADM/RLE), 2006 WL 8443344 at *2 (D. Minn. March 16, 2006).

*masse*, without specifying particular documents ...," which courts have found to be an abuse of the option provided by Rule 33.[183]

- o <u>Expectation</u>:  Answer the interrogatory.

- **Interrogatory 48**: If you contend that the County did not comply with Minnesota Statutes Section 260E.20, Subdivision 3 (2021), describe in detail, and not in summary fashion, the factual basis for your contention.

  - o <u>Answer</u>: Same quantity objection as in interrogatory answer 35. Objection. Contention interrogatories are premature at this stage of litigation. Plaintiff is still diligently reviewing Defendant's voluminous production of documents. In addition, Plaintiff intends to disclose expert opinions on liability by the deadline set for expert disclosures in the Court's scheduling order. Subject to the objection, the County's acts of negligence are identified in the Plaintiff's Complaint and accompanying Exhibits to the extent they are currently known. Investigation and discovery continue. Plaintiff reserves the right to supplement this response.

  - o <u>Deficiency</u>:  Your objection to the total number of interrogatories is without merit.  The interrogatories totaled 48, not more than the 50 allowed as you complain.   Rule 33 of the Federal Rules of Civil Procedure provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."[184] "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that interrogatory subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question."[185]  "[I]f a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory, no matter how it is designated."[186]

---

[183] *Aviva Sports,* 2012 WL 12895643 at *17 (internal citations and quotations omitted) (emphasis added).

[184] Fed. R. Civ. P. 33(a)(1) (2023).

[185] *In re: Activated Carbon-Based Hunting Clothing Mktg. & Sales Pracs. Litig.*, No. 09-MD-2059 (RHK/JJK), 2009 WL 10659390, at *2 (D. Minn. Sept. 22, 2009)

[186] *Id.*

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 58 of 60

Here, the Court allowed 50 written interrogatories, but the County only served 48. While some of them included subparts, those subparts were subsumed by and related to the primary question and were not a line of inquiry that was separate and distinct from the primary question, so they only count as one interrogatory.

The interrogatories are not "premature." "Although courts often allow parties to wait until the end of discovery to answer contention interrogatories,… [d]efendants may discover the basis for … initial allegations at this stage of the litigation, even if it is not the full universe of facts that ultimately are offered in support of the allegation at trial."[187] This is all the County is seeking at this time. While the County is cognizant that discovery is in the early stages and Plaintiff does not know the exact manner in which he will present the case to the jury, the County only asks Plaintiff to identify the claims he is asserting now and provide the factual basis for them.

Presumably, this information exists. Federal Rule of Civil Procedure 11 indicates that by presenting a pleading to the court, the party and their attorney represent, among other things, that "the claims … and other legal contentions are warranted by existing law …" and "the factual contentions have evidentiary support." The rule "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. … the standard is one of reasonableness … [and] is more stringent than … good faith … ."[188]

In accordance with Rule 11 then, when Plaintiff filed this lawsuit, he represented to the Court that he had identified legal claims that he believed the County violated and had factual support for those allegations. So, for example, when Plaintiff asserted that the County violated the Reporting of Maltreatment of Minors Act, he represented to the Court that he had a provision or provisions in mind that he believed the County violated and that he had factual support for those allegations. Plaintiff must now provide that information to the County in response to these interrogatories

---

[187] *United States v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 1453063, at *2 (D. Minn. Apr. 2, 2019), *aff'd sub nom. United States ex rel. Fesenmaier v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 3245003 (D. Minn. July 19, 2019)

[188] Fed. R. Civ. P. 11, 1983 Committee Comment.

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 59 of 60

Plaintiff cannot hide behind the fact that he intends to have his expert(s) opine on some of these issues. The reason is, again, Rule 11. In accordance with Rule 11, for example, when Plaintiff alleged that the County breached a duty for his negligence claim, Plaintiff represented to the court that he knew the standard of care and had factual support that the County breached that duty. If Plaintiff is now alleging that he needs to wait until his expert disclosures to disclose the standard of care and explain how that standard was violated, he has violated Rule 11. Plaintiff should have obtained this information before filing suit. It would be extremely troubling if Plaintiff does not have this information now.

This answer also improperly relies on Federal Rule of Civil Procedure 33(d) by referring the County to the voluminous documents attached to the complaint.

The burden of deriving or ascertaining the answer must be substantially the same for both parties to invoke Rule 33(d).[189] Courts have recognized that parties invoking Rule 33 "have a distinct advantage in the compilation of the requested information because of [their] intrinsic familiarity with" the documents."[190] Because of this, "the burdens of ascertaining the requested information" are often not equal given the producing parties' "familiarity with its records and methods of organization…"[191] Plaintiff drafted the complaint and in pleading negligence, inherently alleged the Decedent's death was foreseeable. Plaintiff needs to identify that evidence and if it exists in the documents, Plaintiff knows where the information can be found and must point the county to it.

Additionally, Rule 33(d) requires that the records be "business records." There is no evidence that the documents are Plaintiff's business records. Even so, the party relying on the business records must specify the records from which the answer can be derived.[192]

---

[189] *Tekstar Commc'ns, Inc.,* 2009 WL 10711788 at *12.

[190] *Id.*

[191] *Id.*

[192] *Id.*

Joshua M. Tuchscherer, Esq.
March 15, 2023
Page 60 of 60

The rule "is not satisfied by the wholesale dumping of documents."[193] Rather, Rule 33.03 requires the responding party "to specify the records from which the answer may be derived or ascertained." "[I]n order to comply with the Rule, the Plaintiffs may not simply refer generically to past or future production of documents they must identify in their answers to the interrogatories specifically which documents contain the answer."[194] Here, Plaintiff did nothing of the sort, and instead simply referred the County to documents "… *en masse*, without specifying particular documents …," which courts have found to be an abuse of the option provided by Rule 33.[195]

o   <u>Expectation</u>:  Answer the interrogatory.

## II.   Plaintiff's supplemental disclosure

Plaintiff's "supplemental disclosure" advised the County that Plaintiff would provide "copies of communications between foster mother, Nikita Kronberg, and Defendants concerning decedent, Julissa Thaler and/or Plaintiff" in supplemental response to Request 23.  Although more than two weeks have passed since Plaintiff made that promise, to date, Plaintiff has not produced any such documents.  Please produce the same.  Depositions will start occurring soon and the County needs all documentation before they do.

Best regards,

*/s/ William M. Topka*

William M. Topka
Assistant Dakota County Attorney

cc:     John T. Giesen, Esq. (via e-mail only)
        Andrew Davick, Esq. (via e-mail only)

---

[193] *Aviva Sports, Inc., v. Fingerhut Direct Marketing, Inc.,* No. 09-1091 (JNE/JSM), 2012 WL 12895643 at *17 (D. Minn. Jan. 3, 2012).

[194] *Soyring v. Fehr,* No. 05-1900 (ADM/RLE), 2006 WL 8443344 at *2 (D. Minn. March 16, 2006).

[195] *Aviva Sports,* 2012 WL 12895643 at *17 (internal citations and quotations omitted) (emphasis added).